## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 23 2015, 1:19 pm

CLERK
of the supreme court,
court of appeals and
tax court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Leanna Weissmann<br>Lawrenceburg, Indiana | Gregory F. Zoeller<br>Attorney General of Indiana<br><br>Karl M. Scharnberg<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Shawn L. Elam,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | June 23, 2015<br><br>Court of Appeals Case No. 15A01-1411-CR-489<br><br>Appeal from the Dearborn Superior Court<br><br>The Honorable Sally Blankenship, Judge<br><br>Case No. 15D02-1401-FD-18 |

**Crone, Judge.**

## Case Summary

[1]     Shawn Elam appeals his four-year sentence for class D felony domestic battery with a child present and class D felony neglect of a dependent. The dispositive issue presented for our review is whether the sentence is inappropriate in light

of the nature of the offense and the character of the offender. Finding that Elam has failed to show that his sentence is inappropriate, we affirm.

## Facts and Procedural History

[2] One night in January 2014, Elam took $400 or $500 from his fiancée, L.C., with whom he shared an infant son, and went to the casino. He won $800 and took that money back to the casino the next morning. After gambling that day, he came home angry because he had lost all of the money. He took a vacuum cleaner that he and L.C. had recently purchased and returned it for more gambling money, which he also promptly lost. When Elam returned home, L.C. was sitting on the couch cradling their two-month-old son in her arms. Elam took the baby from L.C.'s arms and tossed him onto the couch. He then grabbed L.C. by the hair, threw her onto the floor, and kicked her with his steel-toed boots. Elam then placed a pillow over L.C.'s face to suffocate her. Afterwards, Elam put his hands around L.C.'s neck, strangling her, and said that he "wanted to watch [her] eyes roll behind [her] head and pop out of [her] face." Tr. at 37. Elam also said he was going to kill L.C., her grandmother, and their baby if she did not find more money for him.

[3] L.C. called a friend using Elam's phone and asked to borrow some money. The friend agreed to lend L.C. the money, and Elam allowed her to go pick it up while the baby stayed behind with him. When L.C. arrived at the friend's house, he noticed the marks on her face and neck and asked what happened and why L.C. had not called the police. She told her friend that she had not called because she did not have access to a phone. L.C. left with the money, but

on her way home decided to go to the police station. L.C. reported the incident to the police, and they accompanied her to her house. When Elam saw that the police were at the door instead of L.C., he slammed and locked the door. The police kicked down the door with their tasers drawn and pointed toward Elam. Elam held the baby in front of himself as a shield until police convinced him to put the baby down.

[4] The State charged Elam with class D felony domestic battery with a child present; class D felony intimidation; class D felony strangulation; class B misdemeanor battery; and class D felony neglect of a dependent. Elam agreed to plead guilty to domestic battery and neglect of a dependent in exchange for the dismissal of the remaining charges. Sentencing was left to the trial court's discretion and Elam received three years for domestic battery and one year for neglect of a dependent to be executed consecutively for an aggregate term of four years of imprisonment.

## Discussion and Decision

[5] Elam contends that his sentence is inappropriate and seeks resentencing to the advisory one-and-one-half-year sentence on the domestic battery conviction to run concurrent to his sentence for neglect of a dependent. This "Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). Whether the reviewing court regards a sentence as inappropriate turns on a "sense of the culpability of the defendant, the severity of the crime, the

damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). This Court "must give 'deference to a trial court's sentencing decision, both because Rule 7(B) requires us to give due consideration to that decision and because we understand and recognize the unique perspective a trial court brings to its sentencing decisions.'" *Gil v. State*, 988 N.E.2d 1231, 1237 (Ind. Ct. App. 2013) (quoting *Stewart v. State*, 866 N.E.2d 858, 866 (Ind. Ct. App. 2007)). The defendant bears the burden of persuading the Court that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). The defendant bears the burden of showing both prongs of the inquiry—the nature of the offense and the character of the defendant—favor revision of his sentence. *Anderson v. State*, 989 N.E.2d 823, 827 (Ind. Ct. App. 2013), *trans. denied*.

Regarding the nature of the offense, Elam argues that the sentence is inappropriate because no injury actually occurred to his son since he ultimately put the infant down safely. Even though the baby suffered no physical injury, Elam's actions in holding the baby as a shield from the tasers being aimed at him nonetheless endangered the child. Further, Elam's throwing the baby on the couch placed the child in danger. The child could have bounced off of the couch and onto the floor, or landed in a position that could have injured the child.

Elam further argues that the advisory one-and-one-half-year sentence for domestic battery is more appropriate because the legislature has taken into

account the severity of each crime in designating the crime's level and proportioning the punishment accordingly. The inquiry for the appellate court is whether the sentence imposed is inappropriate, "not whether another sentence is *more* appropriate." *King v. State*, 894 N.E.2d 265, 268 (Ind. Ct. App. 2008). The advisory sentence is "the starting point the Legislature has selected as an appropriate sentence for the crime committed." *Anglemyer v. State*, 868 N.E.2d 482, 494 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218. A person who commits class D felony domestic battery "shall be imprisoned for a fixed term of between six months and three years, with the advisory sentence being one and one-half years." Ind. Code § 35-50-2-7(a). That crime is committed by one who knowingly or intentionally touches an individual with whom he has a child in common in a rude, insolent, or angry manner that results in bodily injury to the person in the physical presence of a child less than sixteen years of age, knowing that the child is present and might be able to see or hear the offense. Ind. Code § 35-42-2-1.3.

[8] Elam, in the presence of their child, grabbed L.C. by her hair, threw her on the ground, and then suffocated, choked, and kicked her leaving bodily injuries to her knee, head, eyes, neck, and elbows. Elam threatened to kill L.C., their baby, and L.C.'s grandmother if she did not retrieve money to replace the money he lost gambling. The nature of this attack is extremely violent and senseless and warrants a sentence in excess of the advisory. Ordering the sentences for domestic battery and neglect of a dependent to be served consecutively is not inappropriate because multiple victims justify the imposition of consecutive

sentences. *Gleaves v. State*, 859 N.E.2d 766, 772 (Ind. Ct. App. 2007). Here, both L.C. and the child were victims.

[9] Regarding his character, Elam argues that acknowledging the behavior that led to this crime at sentencing and completing anger management and parenting classes while incarcerated speaks well to his character and renders the sentence inappropriate. We disagree. Elam has a criminal history that includes a juvenile adjudication for receiving stolen property and a subsequent probation violation; convictions as an adult for illegal possession of an alcoholic beverage in Indiana in 2005; improper handling of a firearm in a motor vehicle in Ohio in 2007; disorderly conduct in Ohio in 2008; possession of drugs in Ohio in 2010; and driving under financial responsibility suspension in Ohio in 2013; an active warrant for operating on a suspended/revoked driving license in Kentucky in 2013; and the instant matter. The irrational, cruel, and violent behavior exhibited by Elam in his attack on L.C. and his son further reflects his poor character. Thus, Elam has failed to show that both the nature of the offense and his character render his four-year aggregate sentence inappropriate.

[10] Affirmed.

Brown, J., and Pyle, J., concur.