## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this
Memorandum Decision shall not be regarded as
precedent or cited before any court except for the
purpose of establishing the defense of res judicata,
collateral estoppel, or the law of the case.



**FILED**

Aug 07 2015, 9:52 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Derick W. Steele
Deputy Public Defender
Kokomo, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Richard C. Webster
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jeffrey Burns,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | August 7, 2015<br><br>Court of Appeals Case No.<br>34A02-1501-CR-11<br><br>Appeal from the Howard Circuit<br>Court<br><br>The Honorable Lynn Murray,<br>Judge<br><br>Case No. 34C01-1404-MR-89 |

**Crone, Judge.**

## Case Summary

[1] Jeffrey Burns appeals his twenty-year sentence for class B felony aggravated battery. The dispositive issue presented for our review is whether the sentence is inappropriate in light of the nature of the offense and the character of the

offender. Finding that Burns has failed to show that his sentence is inappropriate, we affirm.

## Facts and Procedural History

One afternoon in March 2014, Burns received a telephone call from Christopher Arnold. The previous night, Arnold was with Burns at Burns's mother's house and the two had an argument over a girl. Arnold was still angry and told Burns over the phone that he was coming to Burns's house to fight.

Arnold arrived at Burns's house with Devin Toole and Olivia Wenisch. Toole and Wenisch stood out on the sidewalk while Arnold pounded on the front door, yelling for Burns to come out and fight. Burns's mother opened the door and told Arnold that he needed to leave. Arnold and Toole observed Burns standing inside the house holding a shotgun, which he had stolen during a burglary. Burns's mother shut the door, but Arnold continued to yell and kick at the door until it broke. Arnold then threw a large trash tote through a window and into the house. Burns fired the shotgun into the family room floor, and Arnold, Toole, and Wenisch fled. As they ran, Burns fired two shots at Toole, hitting him in the right side and arm.

The State charged seventeen-year-old Burns as an adult with class A felony attempted murder, class B felony burglary, class B felony aggravated battery, and class C felony criminal recklessness. Burns agreed to plead guilty to the aggravated battery in exchange for the dismissal of the remaining charges. Sentencing was left to the trial court's discretion, but any executed term was

capped at fourteen years. The trial court sentenced Burns to twenty years of incarceration at the Department of Correction, with fourteen years executed and six years suspended to supervised probation. This appeal ensued.

## Discussion and Decision

Burns contends that his sentence is inappropriate and seeks resentencing. This "Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). Whether the reviewing court regards a sentence as inappropriate turns on "a sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). This court "must give 'deference to a trial court's sentencing decision, both because Rule 7(B) requires us to give due consideration to that decision and because we understand and recognize the unique perspective a trial court brings to its sentencing decisions." *Gil v. State*, 988 N.E.2d 1231, 1237 (Ind. Ct. App. 2013) (quoting *Stewart v. State*, 866 N.E.2d 858, 866 (Ind. Ct. App. 2007)). Upon the review of sentence appropriateness, "appellate courts may consider all aspects of the penal consequences imposed by the trial judge," including suspension of the sentence and probation. *Davidson v. State*, 926 N.E.2d 1023, 1025 (Ind. 2010). The defendant bears the burden of persuading the Court that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). The defendant bears the burden of showing both prongs of the inquiry—the nature

of the offense and the character of the defendant—favor revision of his sentence. *Anderson v. State*, 989 N.E.2d 823, 827 (Ind. Ct. App. 2013), *trans. denied*.

[6] Regarding the nature of the offense, Burns argues that the sentence is inappropriate because he acted to some degree in the defense of himself, his home, and his mother. In assessing the nature of the offense, this Court examines the defendant's actions in comparison to the statutory requirements of the crime. *Id.* A person who knowingly or intentionally inflicts injury on a person that creates a substantial risk of death commits class B felony aggravated battery. Ind. Code § 35-42-2-1.5. A class B felony is punishable by imprisonment for a fixed term of between six and twenty years, with the advisory sentence being ten years. Ind. Code § 35-50-2-5. The advisory sentence is "the starting point the Legislature has selected as an appropriate sentence for the crime committed." *Anglemyer v. State*, 868 N.E.2d 482, 494 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218.

[7] Burns knowingly or intentionally inflicted injury upon Toole when he shot him twice with a shotgun. While Arnold did instigate the event and provoke Burns, Burns escalated the violence substantially by bringing out the stolen shotgun. There is no evidence in the record that Arnold, Toole, or Wenisch were armed. Further, the trio fled as soon as Burns fired the first shot into the floor, yet Burns continued to shoot and struck Toole as he ran away. Thus, even considering that Arnold instigated the event, the nature of the offense supports a sentence in excess of the advisory.

[8] Regarding his character, Burns argues that the sentence is inappropriate because of his drug dependency. Specifically, he argues that a more appropriate sentence would have been to place him in the Department of Correction for a period of ten years, with ten years on supervised probation because this would better provide him with resources to conquer his substance abuse and mental health issues. We first observe that our inquiry is whether the sentence imposed is inappropriate, "not whether another sentence is *more* appropriate." *King v. State*, 894 N.E.2d 265, 268 (Ind. Ct. App. 2008). Thus, Burns's argument for an alternative sentence is not within the scope of appellate review.

[9] We further observe that while a person's drug dependency may be considered in determining the appropriateness of his sentence, one's criminal history may also be considered in assessing a defendant's character. *Rutherford v. State*, 866 N.E.2d 867, 874 (Ind. Ct. App. 2007). It is proper to consider one's criminal history "as a poor reflection on the defendant's character because it may reveal that he or she has not been deterred even after having been subjected to the police authority of the State." *Id.*

[10] Burns's criminal history began as a juvenile when he committed battery at six years old. Since then, Burns has had sixteen known contacts with the juvenile justice system, including an adjudication for battery. His extensive contacts with the juvenile justice system have failed to rehabilitate him. Burns also has a prior adult conviction for class D felony auto theft and had been released on probation from that conviction for just two months before he committed the

aggravated battery in this case. His guilty plea resulted in his second adult felony conviction in less than a year.

[11]    Burns's criminal history shows his disregard for the criminal justice system and the authority of the court. There were multiple attempts through several programs to rehabilitate and treat Burns's mental and emotional problems, none of which were ever completed. After he was convicted of auto theft, he was ordered to complete the court's drug and alcohol abuse program, but he was arrested on the charges in this case before he could begin the program. We agree with the State's classification of Burns's character as that of a career criminal. As such, a sentence in excess of the advisory is warranted. Thus, Burns has failed to show that both the nature of the offense and his character render his twenty-year sentence inappropriate.

[12]    Affirmed.

May, J., and Bradford, J., concur.