## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 10 2016, 8:45 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Zachary A. Witte
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Justin F. Roebel
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Tyron R. E. White,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | June 10, 2016<br><br>Court of Appeals Case No.<br>02A05-1511-CR-1872<br><br>Appeal from the Allen Superior Court<br><br>The Honorable Frances C. Gull, Judge<br><br>Trial Court Cause No.<br>02D04-1504-F6-284 |

**Bradford, Judge.**

## Case Summary

On Mach 30, 2015, Fort Wayne Police Officer P. Bartrom went to Appellant-Defendant Tyron White's residence to serve a warrant. During the execution of this warrant, White fled from officers which led to Bartrom being injured. Appellee-Plaintiff the State of Indiana ("the State") subsequently charged White with Level 6 felony resisting law enforcement. White pled guilty and received a two-and-a-half-year sentence. On appeal, White claims that his sentence was inappropriate in light of the nature of his offense and his character. We affirm.

## Facts and Procedural History

On March 30, 2015, Fort Wayne Police Officer Bartrom went to White's residence to serve an arrest warrant. Officer Bartrom approached the rear of the house while another officer went to the front. After hearing some commotion from inside, Officer Bartrom saw White open the back door at which point Officer Bartrom ordered him to stop. White attempted to flee and, as Officer Bartrom attempted to follow him through the doorway, White shut the door, causing Officer Bartrom's right arm to break through one of the window panes in the center of the door. Officer Bartrom suffered two large cuts to his right forearm approximately two inches in length which began "rapidly bleeding." Appellant's App. 22.

On April 3, 2015, White was charged with Level 6 felony resisting law enforcement, to which he pled guilty. On October 23, 2015, White was sentenced to two-and-a-half years with one-and-a-half years executed and the remaining year suspended to probation.

# Discussion and Decision

[4] White contends that his two-and-a-half-year sentence is inappropriate in light of the nature of his offense and his character. "Ind. Appellate Rule 7(B) empowers us to independently review and revise sentences authorized by statute if, after due consideration, we find the trial court's decision inappropriate in light of the nature of the offense and the character of the offender." *Anderson v. State*, 989 N.E.2d 823, 827 (Ind. Ct. App. 2013), *trans. denied*. "An appellant bears the burden of showing both prongs of the inquiry favor revision of [his] sentence." *Id.* (citing *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006)). "We must give 'deference to a trial court's sentencing decision, both because Rule 7(B) requires us to give due consideration to that decision and because we understand and recognize the unique perspective a trial court brings to its sentencing decisions.'" *Gil v. State*, 988 N.E.2d 1231, 1237 (Ind. Ct. App. 2013) (quoting *Trainor v. State*, 950 N.E.2d 352, 355-56 (Ind. Ct. App. 2011), *trans. denied*.).

[5] The nature of White's offense does little to justify a revision of his sentence. White intentionally slammed a door on Officer Bartrom, did so with enough force that Bartrom's arm broke through a window pane, and "continued to push the door until it was shut with [Officer Bartrom's] arm still stuck through the window." Appellant's App. p. 77. The resulting injury was not minor and far exceeded what was necessary to establish the "bodily injury" element of the offense. Officer Bartrom received two large cuts which were "rapidly bleeding" and left severe scars which were clearly visible six months later. *Id.*

[6] White's character, as evidenced by his criminal history, also justifies his enhanced sentence. "The significance of a criminal history in assessing a defendant's character and an appropriate sentence varies based on the gravity, nature, and number of prior offenses in relation to the current offense." *Rutherford v. State*, 866 N.E.2d 867, 874 (Ind. Ct. App. 2007). White was just twenty years old at the time of sentencing and had already accrued five juvenile delinquency adjudications, three of which would have been felonies if committed by an adult, including Class B felony arson. The remaining adjudications were for battery and resisting law enforcement. Since reaching adulthood, White has been convicted of misdemeanor domestic battery and misdemeanor resisting law enforcement. White was released on bond for the battery case when he committed the instant offense, and proceeded to commit the misdemeanor resisting law enforcement while out on bond for the instant offense. The current conviction is White's fourth for resisting law enforcement and shows that previous efforts at rehabilitation and leniency have done nothing to reform his behavior. White argues that he was a contributing member of society working two jobs and taking classes at IVY Tech. However, the trial court noted that White quit both jobs seven months prior to the sentencing hearing.

[7] We reiterate that the question under Appellate Rule 7(B) analysis is "not whether another sentence is more appropriate" but "whether the sentence imposed is inappropriate." *King v. State*, 894 N.E.2d 265, 268 (Ind. Ct. App. 2008). Based on White's extensive criminal history in a relatively short period

of time and the severity of Officer Bartrom's injuries, we cannot say that White's sentence is inappropriate in light of the nature of the offense or his character.

[8] The judgment of the trial court is affirmed.

Bailey, J., and Altice, concur.