## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 16 2017, 9:12 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

G. Allen Lidy
Mooresville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Michael Gene Worden
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jonathan Harness,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

March 16, 2017

Court of Appeals Case No.
55A01-1512-CR-2231

Appeal from the Morgan Superior Court.
The Honorable Jane Spencer Craney, Judge.
Cause No. 55D03-1402-FA-274

**Barteau, Senior Judge**

# Statement of the Case

[1] Jonathan Harness appeals from his guilty plea to two counts of Class C felony battery with serious bodily injury,[1] contending that his sentence is inappropriate and the trial court abused its discretion in imposing certain conditions of probation. We affirm.

# Issues

[2] Harness raises the following restated issues for our review:

> I. Whether his sentence is inappropriate; and
>
> II. Whether the trial court abused its discretion when it required him to submit to polygraph examinations as a condition of his probation.

# Facts and Procedural History

[3] Harness had a tumultuous and abusive childhood. He married, and he and his wife had one biological son. At some point in their marriage, the couple decided to adopt additional children.

[4] J.H. and A.H. are sisters who were in foster care for approximately three years. Harness and his wife adopted J.H. and A.H., as well as their siblings. Prior to being adopted, both J.H. and A.H. had been abused sexually, physically, and

---

[1] Ind. Code § 35-42-2-1(a)(3) (2012)

mentally. A.H. struggled with behavioral and mental problems that required therapy sessions.

[5] The charging information filed against Harness listed nineteen criminal offenses, allegedly perpetrated upon A.H. and J.H. On July 15, 2015, the parties entered into a plea agreement, and Harness agreed to plead guilty to two counts of Class C felony battery resulting in serious bodily injury involving A.H. As part of the plea agreement, the State agreed to dismiss all other counts, to not file additional counts involving Harness's adopted daughters, and to allow Harness's wife to plead to an amended charge of Class B misdemeanor failure to report child abuse.

[6] The facts surrounding the two counts of Class C felony battery are that on one occasion, Harness struck A.H. in the forehead and pushed her into a wall, causing her to lose consciousness. On another occasion, Harness threw A.H. into a wall that contained a protruding nail. The incidents left A.H. with permanent scars.

[7] Following a hearing, the trial court sentenced Harness to concurrent sentences of six years' imprisonment, with four years executed and two years suspended to probation. Harness appeals.

# Discussion and Decision

## *I. Inappropriateness of Sentence*

Harness argues that his six-year sentence, with four years executed and two years suspended to probation, is inappropriate in light of the nature of the offense and his character. Harness argues his sentence is inappropriate because of the mitigating factors found by the trial court, his low risk to reoffend, and his eligibility to serve his sentence on home detention. He seeks resentencing to a total of six years, with two years executed and four years suspended to probation.

We may revise a sentence if it is "inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). Whether the reviewing court regards a sentence as inappropriate turns on a "sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). This Court "must give 'deference to a trial court's sentencing decision, both because Rule 7(B) requires us to give due consideration to that decision and because we understand and recognize the unique perspective a trial court brings to its sentencing decisions.'" *Gil v. State*, 988 N.E.2d 1231, 1237 (Ind. Ct. App. 2013) (quoting *Stewart v. State*, 866 N.E.2d 858, 866 (Ind. Ct. App. 2007)). Harness bears the burden of persuading us that his sentence is inappropriate. *Reid v. State*, 876 N.E.2d 1114, 1116 (Ind. 2007).

[10]     When considering the nature of the offense, the advisory sentence is the starting point to determine the appropriateness of a sentence. *See Anglemyer v. State*, 868 N.E.2d 482, 494 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007). Harness pleaded guilty to two counts of Class C felony battery. The sentencing range for a Class C felony was "a fixed term of between two (2) and eight (8) years, with the advisory sentence being four (4) years." Ind. Code § 35-50-2-6(a) (2005). The trial court found as an aggravator that Harness was in a position of care, custody, and control of his daughter, A.H. The court imposed concurrent six-year sentences for both of Harness's convictions, which is above the advisory sentence but below the maximum advised by the General Assembly.

[11]     Details of the nature of Harness's offenses are limited to the sparse facts presented during his sentencing hearing, and the contents of his Appendix. Nevertheless, his first offense involved striking his daughter and pushing her into a wall, causing her to lose consciousness and resulting in a bump on the back of her head and a permanent scar on her forehead. His second offense involved throwing his daughter into a wall with a protruding nail, which caused a laceration to her side and a permanent scar. A.H. was a minor and Harness was aware that she had previously been subjected to physical abuse. Based on the foregoing, we conclude that the nature of Harness's offenses does not render his sentence inappropriate.

[12]     Our review of the character of the offender reveals that Harness had no criminal history and stated at the sentencing hearing:

> . . . I wholeheartedly apologize to [A.H. for the battery incidents.] I have apologized to [A.H.] multiple times, and she knows that. I was wrong. My use of force was inexcusable, and I am truly sorry. And I do truly accept the full responsibility for the entire incident. I did not do a safe hold [on A.H.] that day. And I did lose my temper.

Tr. pp. 70-71. Harness pleaded guilty, and the State dismissed seventeen of nineteen charges. The trial court identified as mitigating factors the sexual, mental, and physical abuse Harness suffered as a child, his health problems, that he had no criminal history, and that incarceration would cause a hardship on his wife and J.H. However, the court found as aggravating factors that the circumstances under which the offenses occurred could recur due to the abuse that Harness suffered as a child, and that A.H. was in Harness's trust, care, custody, and control. The court ultimately determined that the aggravating factors outweighed the mitigating factors.

[13]     On two occasions, Harness pushed and threw his daughter into a wall, one time with such force that she lost consciousness. After both batteries, A.H. sustained injuries that resulted in permanent scars. One scar was caused by A.H.'s body hitting a nail that was protruding from the wall. Given the extreme consequences of Harness's batteries on A.H. (i.e., the permanent scars), and after due consideration and under the circumstances, we cannot say that Harness's six-year sentence, with four years executed and two years suspended to probation, is inappropriate in light of the nature of the offenses and his character.

## II. Polygraph Examination as Condition of Probation

[14]    Harness next argues that the trial court abused its discretion when it required as a condition of probation that he submit to polygraph examinations. "A trial court has broad discretion to impose conditions of probation which will produce a law abiding citizen and protect the public." *Patton v. State*, 580 N.E.2d 693, 698 (Ind. Ct. App. 1991), *trans. denied.* In *Patton*, this court considered whether it was appropriate for a trial court to impose a condition of probation that required the probationer to submit to polygraph examinations and to stipulate to the admissibility of the results. We held that a probationer could not be forced to stipulate to the admissibility of such evidence, but that it was not improper to require the probationer to submit to polygraph examinations upon request "when the condition bears a reasonable relationship to the rehabilitative aspects of probation." *Id.* at 698-99; *see also* Ind. Code § 35-38-2-2.3(a)(15) (2012) ("As a condition of probation, the court may require a person to . . . [s]atisfy other conditions reasonably related to the person's rehabilitation."). Such a condition is appropriate when imposed "as a deterrence from violating other terms of probation by instilling the fear of detection or where the examination provides probation officials with an indication of the probationer's progress in rehabilitation." *Patton*, 580 N.E.2d at 698.

[15]    During Harness's sentencing, the trial court expressed great concern about the abuse that Harness suffered as a child. The trial court imposed the polygraph examination condition "because of the evidence [that was presented regarding]

. . . the horrific abuse and background [Harness] has." Tr. p. 91. The court further stated, "I seriously considered doing the sexual offender probation terms, because of . . . the statistics of reoccurrence [sic] and repetition of the cycle . . . I changed my mind and only made the polygraph part of it." *Id*. at 91-92. The trial court imposed the polygraph condition to serve a rehabilitative function and to provide probation officials with an indication of Harness's progress in rehabilitation. The polygraph probation condition was not improper.

## Conclusion

For the reasons stated above, we affirm Harness's sentence for two counts of battery as Class C felonies, and the polygraph examination condition of his probation.

Affirmed.

Bradford, J., and Brown, J., concur.