## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**
09/15/2017, 10:42 am
**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Leanna Weissmann
Lawrenceburg, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Henry Flores, Jr.
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Kurt Muzquiz,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | September 15, 2017<br>Court of Appeals Case No.<br>69A04-1703-CR-457<br>Appeal from the Ripley Circuit Court<br>The Honorable Ryan J. King, Judge<br>Trial Court Cause No.<br>69C01-1601-F5-2 |

**Barnes, Judge.**

# Case Summary

Kurt Muzquiz appeals his sentence after he pled guilty to Level 5 felony corrupt business influence and being an habitual offender. We affirm.

# Issue

The sole issue Muzquiz raises is whether his ten-year sentence is inappropriate in light of the nature of the offense and his character.

# Facts

In February of 2015, Muzquiz opened a banking account and made a single five-dollar deposit. The account subsequently was closed. After the account was closed, Muzquiz used the account to write unfunded checks. Specifically, on June 30, 2015, Muzquiz wrote an invalid check to Truck Country of Indianapolis, Stoops Freightliner, for a 2015 Freightliner cargo van valued at $44,940.00. On July 8, 2015, Musquiz wrote an invalid check to Plainfield Auto Sales for a 2003 Hummer H2 valued at $17,256.16. On July 13, 2015, Muzquiz wrote an invalid check to I-69 Trailer Center for an enclosed trailer valued at $10,732.10. The next day, Muzquiz wrote invalid checks to Quality Auto Mart for two golf carts for a combined value of $7,490.00 and to Tommy's Diesel Shop for services valued at $700.00.

On January 6, 2016, the State charged Muzquiz with corrupt business influence as a Level 5 felony, fraud on a financial institution as a Level 5 felony, check fraud as a Level 6 felony, and theft as a Level 6 felony. Additionally, the State alleged that Muzquiz was an habitual offender. One day before his jury trial,

Muzquiz accepted a plea agreement and pled guilty to corrupt business influence as a Level 5 felony and to being an habitual offender. All other counts were dismissed. The plea agreement set the maximum sentence for the corrupt business influence conviction at five years and the habitual offender enhancement at five years, with a maximum aggregate sentence exposure of ten years. The trial court accepted the plea agreement and sentenced Muzquiz to five years for the felony conviction and enhanced the sentence by five years for an aggregate term of ten years executed in the Department of Correction. Muzquiz now appeals.

## Analysis

Muzquiz argues that his ten-year sentence is inappropriate in light of the nature of the offense and his character. According to Muzquiz, he should be "resentence[e]d to no more than three years imprisonment" because his "crime caused no personal injury [or] large pecuniary losses." Appellant's Br. pp. 8, 10. Regarding his character, Muzquiz emphasizes that he has a daughter with special needs; he "battles mental illness" – specifically, ADHD, manic depression, and bipolar disorder; his incarceration will cause a hardship upon his mother who cares for one of his two children; he is remorseful; and by pleading guilty, he has accepted responsibility for his crimes. *Id*. at 8.

We may revise a sentence if it is "inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). Whether the reviewing court regards a sentence as inappropriate turns on a "sense of the culpability of the defendant, the severity of the crime, the damage done to

others, and myriad other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). This Court "must give 'deference to a trial court's sentencing decision, both because Rule 7(B) requires us to give due consideration to that decision and because we understand and recognize the unique perspective a trial court brings to its sentencing decisions.'" *Gil v. State*, 988 N.E.2d 1231, 1237 (Ind. Ct. App. 2013) (quoting *Stewart v. State*, 866 N.E.2d 858, 866 (Ind. Ct. App. 2007)). Muzquiz bears the burden of persuading us that his sentence is inappropriate. *Reid v. State*, 876 N.E.2d 1114, 1116 (Ind. 2007).

[7] The advisory sentence is the starting point to determine the appropriateness of a sentence. *See Anglemyer v. State*, 868 N.E.2d 482, 494 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007). Muzquiz pled guilty to Level 5 felony corrupt business influence and an habitual offender enhancement. The sentencing range for a Level 5 felony is "a fixed term of between one (1) and six (6) years, with the advisory sentence being three (3) years." Ind. Code § 35-50-2-6(b). The sentencing range for a person found to be an habitual offender is between "two (2) years and six (6) years, for a person convicted of a Level 5 . . . felony." I.C. § 35-50-2-8(i)(2). Here, the trial court found as aggravating circumstances Muzquiz's extensive criminal history that was similar in nature to the instant offense, his "substantial history of violating . . . [p]robation," and that the State needed only to provide evidence of two predicate offenses to prove Muzquiz committed corrupt business influence, but Muzquiz admitted to committing five predicate offenses. Tr. p. 54. The trial court found no

mitigating circumstances. The court imposed a five-year-sentence for the felony conviction and enhanced the sentence by five years for the habitual offender finding. Both the sentence and the enhancement were above the advisory sentence but below the maximum provided by the General Assembly.

[8] Looking at the nature of Muzquiz's corrupt business influence offense, we are not persuaded that his sentence is inappropriate. Muzquiz opened a banking account and deposited only five dollars in the account. After the account was closed, Muzquiz presented himself as a business owner and wrote a series of invalid checks to various businesses in an amount that totaled over $80,000.00, depriving the businesses of goods and services. We conclude that the nature of Muzquiz's offense did not render his sentence inappropriate.

[9] Our review of the character of the offender reveals that Muzquiz's criminal history is substantial and spans from 1993 until present. His prior offenses included check deception, forgery, fraud, and theft – crimes of dishonesty. His twelve prior felony convictions and thirteen prior probation violations show a clear disregard for the law.

[10] The trial court took into consideration Muzquiz's guilty plea, his alleged remorse, his argument regarding undue hardship, and his mental health issues and found none of the circumstances to be mitigating. Per the trial court:

So your guilty plea here is not a [mitigating circumstance because] it's already been contemplated by the plea agreement.[1] And then I'm hearing you say "Judge, I'm remorseful" but I don't see any evidence of that. I mean you're remorseful right now because [you are sitting] here looking at up to ten years. I mean, I don't see anything before today that indicates in any way, sort or fashion that you're remorseful. . . . The undue hardship that is argued it's apparent throughout the Pre-Sentence Investigation and your testimony that you've been in and out of the children's life since they were born. And both children, right now are subject to [g]uardianships for that reason or as part of that reason. . . . [W]hen you have someone come in that has sole custody of the children and is providing for the children, taking care for the children, working a job, then it is a mitigator. But, in the circumstances you present before the Court when you don't even have custody of them because they are both under guardianships from two different people, there's no mitigator there. And then as far as your mental health, . . . I mean, there is nothing in the record, everything in the record suggests your mental health issues haven't effected your ability to understand the proceedings going on. . . . [For you] to then show up today and say well my understanding and my impulsivity caused me to commit these offenses lacks any uh, creditability to me.

*Id.* at 55-57. We agree with the trial court's observation. Based upon the foregoing, Muzquiz's character does not persuade us to modify his sentence.

---

[1] The trial court explained,

> [T]he Court is bound by that plea agreement, I've previously accepted it, but for instance on the underlying offense you, you would technically be looking at a [six-year] sentence um, but the Court can only go to five, under the plea agreement so you've secured a mitigated sentence in my eyes already, even before you know, I even start. And I think when you point out that your guilty plea then should be considered as a mitigator over and above . . . the mitigated sentence you've already secured[,] I think you've already been compensated sentencing wise.

Tr. p. 55.

We find that Muzquiz's ten-year sentence is not inappropriate in light of the nature of the offense and his character.

## Conclusion

Muzquiz's sentence is not inappropriate. We affirm.

Affirmed.

May, J., and Bradford, J., concur.