# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Oct 10 2018, 10:29 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jeffery Haupt
Law Office of Jeffery Haupt
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Angela N. Sanchez
Assistant Section Chief, Criminal Appeals
Indianapolis, Indiana

IN THE

# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| John Clark, Sr.,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | October 10, 2018<br><br>Court of Appeals Case No. 18A-CR-1043<br><br>Appeal from the St. Joseph Circuit Court<br><br>The Hon. John E. Broden, Judge<br><br>The Hon. Andre B. Gammage, Magistrate<br><br>Trial Court Cause No. 71C01-1610-FC-13 |

**Bradford, Judge.**

# Case Summary

[1] John Clark, Sr., is the father of K.C. and K.M., children he had with Yvette Mance and for whom he has child support obligations. In 2016, the State charged Clark with Class C felony nonsupport of a dependent for being over $15,000.00 in arrears in his child-support obligations to K.C. and K.M. The trial court found Clark guilty of Class C felony nonsupport and sentenced him to six years of incarceration, with one year served in community corrections and the balance suspended to probation. Clark contends that his sentence is inappropriately harsh. Because we disagree, we affirm.

# Facts and Procedural History

[2] In 2005, Clark was ordered to provide support to K.C., a child he had with Mance. In 2006, the order was made permanent and fixed at an obligation of $51.00 per week. In 2007, Clark's paternity was established for K.M., another child with Mance, and his support obligation for both children was initially set at $66.00 per week, modified to $62.00 per week in 2013, and modified again to $90.00 per week in 2014. Between 2005 and June 30, 2014, Clark paid $8727.40 against an obligation of $28,876.00.

[3] On October 3, 2016, the State charged Clark with, *inter alia*, Class C felony nonsupport of a dependent for being more than $15,000.00 in arrears in his obligations to K.C. and K.M. Following a bench trial, the trial court entered judgment of conviction against Clark for Class C felony nonsupport. On April

4, 2018, the trial court sentenced Clark to six years of incarceration, with one year to be served in community corrections and the balance suspended to probation.

# Discussion and Decision

[4] Clark contends that his sentence is inappropriately harsh. This Court will revise a sentence only if, upon "due consideration of the trial court's decision" it nonetheless appears that "the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B); *Anglemyer v. State*, 868 N.E.2d 482, 490–91 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (2007). The "nature of the offense" refers to the defendant's acts in comparison with the elements of his offense, *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008), while "character of the offender" refers to general sentencing considerations and the relevant aggravating and mitigating circumstances. *Knapp v. State*, 9 N.E.3d 1274, 1292 (Ind. 2014). Clark has the burden to show his sentence is inappropriate in light of both the nature of the offense and his character. *Gil v. State*, 988 N.E.2d 1231, 1237 (Ind. Ct. App. 2013). This can only be done with "compelling evidence portraying in a positive light the nature of the offense … and the defendant's character[.]" *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015).

[5] Clark was convicted of Class C felony nonsupport of a dependent, for which the sentencing range is between two and eight years, with an advisory sentence of four years. Ind. Code § 35-50-2-6(a). Clark received a six-year sentence, which

is two years above the advisory but two years below the maximum. Clark, however, has been given the opportunity to entirely avoid imprisonment by serving one year on work release through community corrections with the balance suspended to probation. So, while Clark's sentence is technically enhanced, we note that it does not consist of a fully-executed sentence and currently does not provide for any time in jail or prison.

[6] That said, the nature of Clark's offense does not support a reduction in his somewhat lenient sentence, in that his arrearage goes far beyond what was necessary to establish Class C felony nonsupport. As of Clark's sentencing, his arrearage had risen to over $31,000.00, or more than twice the amount necessary to prove Class C felony nonsupport. Of the less than $9000.00 that Clark has paid, a large percentage was paid to secure his release from jail after being found in contempt of court. Clark has failed to establish that the nature of his offense supports a reduction in his sentence.

[7] Clark's character also does not support a reduction in his sentence. Clark's failure to satisfy his financial support obligation is only one example of his almost total failure to otherwise support or play any active role in the lives of K.C. and K.M. Mance has always had full custody of them, and Clark never provided Mance with money directly for support or assisted with medical, educational, or other expenses. Clark has never provided the children with food, clothing, or shelter. Mance has received temporary assistance for needy families, food stamps, and Medicaid assistance; currently works two jobs; and currently receives support from her parents. Clark has occasionally given the

children birthday gifts, but even that has not been consistent. It is worth noting that Clark apparently has two other children for whom he has support obligations and acknowledged in his presentence interview that he is over $10,000.00 in arrears as to them.[1] Clark's consistent shirking of his obligations to his children—legally imposed or otherwise—does him no credit.

[8] Clark's history of delinquent and criminal behavior also does not speak well of his character. The thirty-three-year-old Clark was first arrested at ten and first adjudicated a juvenile delinquent at thirteen. As a juvenile, Clark was adjudicated delinquent for what would be Class D felony theft if committed by an adult, what would be Class A misdemeanor battery if committed by an adult, what would be Class C misdemeanor possession of a look-alike substance if committed by an adult, and two instances of truancy. As an adult, Clark has convictions for battery, intimidation, and driving with a suspended license and failed to appear to face other driving-related charges. At the time of sentencing in this case, Clark also had pending charges for driving with a suspended license and marijuana possession. Despite his many contacts with the juvenile and criminal justice systems, Clark has not conformed his behavior to the norms of society. Clark has failed to establish that his sentence is inappropriately harsh.

[9] The judgement of the trial court is affirmed.

---

[1] Clark reported that he was over $43,000.00 in arrears altogether. When Clark's unpaid obligations to K.C. and K.M. of approximately $31,000.00 is subtracted, that leaves approximately $12,000.00.

Bailey, J., and Mathias, J., concur.