## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 19 2018, 8:38 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jennifer A. Joas
Madison, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Jesse R. Drum
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Allen Ray McFadden,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

December 19, 2018

Court of Appeals Case No.
18A-CR-1793

Appeal from the Jefferson Circuit Court

The Hon. Darrell M. Auxier, Judge

Trial Court Cause No.
39C01-1801-FA-61

**Bradford, Judge.**

# Case Summary

[1] In 2008 or 2009, Allen McFadden caused his daughter to expose her genitalia to him so that he could masturbate to the view. The State charged McFadden with, and he pled guilty to, Class C felony sexual misconduct with a minor and was sentenced to six years of incarceration. McFadden contends that his sentence is inappropriately harsh. Because we disagree, we affirm.

# Facts and Procedural History

[2] McFadden has three daughters: A.M., C.M., and H.M. At some point in 2008 or 2009, McFadden asked C.M. to expose her genitalia so that he could masturbate to them. In 2017, based on a report made to school officials by H.M., police interviewed McFadden, and he confessed to masturbating to C.M.'s genitalia and doing the same to A.M. and H.M.

[3] On January 22, 2018, the State charged McFadden with Class A felony child molesting and Class C felony sexual misconduct with C.M., who was a minor at the time of the offense. On March 28, 2018, pursuant to a plea agreement, McFadden pled guilty to Class C felony sexual misconduct with a minor. The trial court found as a mitigating circumstance that McFadden had not been convicted of a crime since 2008. The court found as aggravating circumstances "that sexual misconduct occurred on multiple occasions and with other victims," that McFadden "was in a position of having the care, custody and control of the victim of the offense," and "that these acts were taken with his

own daughter showing an even more depraved instinct." Tr. pp. 44, 45. The trial court concluded that the aggravating circumstances outweighed the mitigating and sentenced McFadden to six years of incarceration.

# Discussion and Decision

[4] McFadden contends that his sentence is inappropriately harsh. This court will revise a sentence only if, upon "due consideration of the trial court's decision" it nonetheless appears that "the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B); *Anglemyer v. State*, 868 N.E.2d 482, 490–91 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (2007). The "nature of the offense" refers to the defendant's acts in comparison with the elements of his offense, *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008), while "character of the offender" refers to general sentencing considerations and the relevant aggravating and mitigating circumstances. *Knapp v. State*, 9 N.E.3d 1274, 1292 (Ind. 2014).

[5] McFadden has the burden to show his sentence is inappropriate in light of both the nature of the offense and his character. *Gil v. State*, 988 N.E.2d 1231, 1237 (Ind. Ct. App. 2013). This can only be done with "compelling evidence portraying in a positive light the nature of the offense … and the defendant's character." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015). McFadden pled guilty to Class C felony sexual misconduct with a minor and was sentenced to six years of incarceration, out of a possible maximum of eight. *See* Ind. Code § 35-50-2-6(a).

[6] As for the nature of the offense, it is, in our view, significantly worse than a "run-of-the-mill" act of sexual misconduct with a minor. First and foremost, we cannot ignore the fact that his victim was his biological daughter, a fact not covered by the offense as charged. Additionally, McFadden's age at the time, which would have been anywhere from thirty-five to thirty-seven years old, was far higher than the age of twenty-one years old required to elevate his crime to a Class C felony. *See* Ind. Code § 35-42-4-9(b)(1) (2007) ("[T]he offense is [...] a Class C felony if it is committed by a person at least twenty-one (21) years of age[.]"). The nature of McFadden's offense justifies his six-year sentence.

[7] As for McFadden's character, we first note that he has a history of criminal convictions, which does him no credit. McFadden has convictions for public intoxication in 1999, operating a vehicle with a blood alcohol content of 0.15 g/mL or greater in 2003, and public intoxication in 2008 and has admitted to illegally using drugs. Moreover, because the plea agreement in this case does not limit the facts that may be considered, neither we nor the trial court are required to ignore indications of other crimes that illuminate McFadden's character. *See Bethea v. State*, 983 N.E.2d 1134, 1145 (Ind. 2013) (where the pleas agreement did not limit what the trial court could consider in sentencing, "it is not necessary for a trial court to turn a blind eye to the facts of the incident that brought the defendant before them"). The State originally charged McFadden with Class A felony child molesting, a charged that was based on H.M.'s report that he had performed oral sex on her and A.M. and caused them to do the same to him. Although McFadden claimed that he could not

remember if the oral sex occurred, he *did* confess that he caused not just C.M., but all three of his daughters to expose their genitalia to him so that he could masturbate. The fact that McFadden admittedly sexually exploited all three of his biological daughters does not, to the say the least, speak well of his character. McFadden's character also fully justifies his six-year sentence. McFadden has failed to convince us that his six-year sentence for Class C felony sexual misconduct with a minor is inappropriate.

[8] The judgement of the trial court is affirmed.

Bailey, J., and Brown, J., concur.