## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 20 2018, 8:48 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Donald C. Swanson, Jr.
Deputy Public Defender
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Hector G. Lopez, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | December 20, 2018 <br><br> Court of Appeals Case No. 18A-CR-1940 <br><br> Appeal from the Allen Superior Court <br><br> The Hon. Frances C. Gull, Judge <br><br> Trial Court Cause No. 02D05-1802-F5-57 |

**Bradford, Judge.**

# Case Summary

In February of 2018, Hector Lopez struck and strangled Yolanda Moreno, with whom he has two children, during an argument. Lopez shoved one of Moreno's children when she attempted to telephone the police, an incident witnessed by another of Moreno's children. As it happens, a no-contact order concerning Lopez and Moreno was in effect at the time. The State charged Lopez with Level 5 felony battery resulting in bodily injury to a person under fourteen years old, Level 6 felony domestic battery committed in the presence of a child under sixteen years old, Level 6 felony strangulation, Class A misdemeanor interference with the reporting of a crime, and Class A misdemeanor invasion of privacy. The trial court found Lopez guilty as charged and sentenced him to four years of incarceration, a sentence Lopez contends is inappropriately harsh. Because we disagree, we affirm.

# Facts and Procedural History

On February 16, 2018, Moreno lived in Allen County with her five children and Lopez, the father of two of her children. The party of seven went out to dinner, and Lopez, who was intoxicated, became angry and argued with a waitress and Moreno after one of the children vomited. When the group returned home, Moreno sent four of the children upstairs, gave the oldest her telephone, and told her to go outside "just in case something happened[.]" Tr. Vol. II p. 6.

[3] When Moreno told Lopez to leave, he pushed her in the back and then struck her in the mouth, drawing blood. When Moreno again told Lopez to leave and tried to put some of his clothing onto a bed, he pushed her down and strangled her for approximately forty seconds, which was witnessed by Moreno's oldest child, who was not yet fourteen years old. Moreno could not breathe and scratched Lopez's back. When Moreno told her daughter to call the police, Lopez followed her to her room, pushed her "through the wall[,]" took the telephone from her, and ended the call. Tr. Vol. II p. 13. One of Moreno's other children was in the daughter's room at the time. Meanwhile, Moreno had found a broom, struck Lopez with it, and managed to get outside and summon help. It was later determined that a no-contact order prohibiting Lopez from having contact with Moreno was in effect on February 16, 2018, and had been since 2014.

[4] On February 23, 2018, the State charged Lopez with Level 5 felony battery resulting in bodily injury to a person under fourteen years old, Level 6 felony domestic battery committed in the presence of a child under sixteen years old, Level 6 felony strangulation, Class A misdemeanor interference with the reporting of a crime, and Class A misdemeanor invasion of privacy. On June 19, 2018, the trial court found Lopez guilty as charged. On July 27, 2018, the trial court sentenced Lopez to four years of incarceration for battery, two years for domestic battery, two years for strangulation, one year for interference with the reporting of a crime, and one year for invasion of privacy, all sentences to be served concurrently.

# Discussion and Decision

[5] Lopez contends that his four-year aggregate sentence is inappropriately harsh. This court will revise a sentence only if, upon "due consideration of the trial court's decision" it nonetheless appears that "the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B); *Anglemyer v. State*, 868 N.E.2d 482, 490–91 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (2007). The "nature of the offense" refers to the defendant's acts in comparison with the elements of his offense, *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008), while "character of the offender" refers to general sentencing considerations and the relevant aggravating and mitigating circumstances. *Knapp v. State*, 9 N.E.3d 1274, 1292 (Ind. 2014). Lopez has the burden to show his sentence is inappropriate in light of both the nature of the offense and his character. *Gil v. State*, 988 N.E.2d 1231, 1237 (Ind. Ct. App. 2013). This may be done with "compelling evidence portraying in a positive light the nature of the offense […] and the defendant's character[.]" *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015). Lopez was convicted of five crimes, the most serious being a Level 5 felony (with an advisory sentence of three years and a maximum of six), and was given an aggregate sentence of four years of incarceration. *See* Ind. Code § 35-50-2-6(b).

[6] The nature of Lopez's offenses justifies his sentence. Lopez became intoxicated and argued with a waitress and Moreno at a restaurant, prompting his entire party to leave. Soon thereafter, when Moreno told Lopez to leave their home, he struck her in the mouth, pushed her repeatedly, and strangled her. Lopez

committed his crimes in the presence of two of Moreno's children, one of whom also felt his wrath as she attempted to contact police. It is worth noting that Lopez should not have been with Moreno and the children at all because he had an active no-contact order in place at the time he committed the offenses.

[7] As for Lopez's character, it also justifies his sentence. Lopez's criminal history begins in 2003 and includes misdemeanor convictions for public intoxication, two counts of operating a vehicle with a BAC of 0.15 g/mL or greater, two counts of domestic violence in Ohio, control of a motor vehicle while under the influence in Ohio, domestic battery, and driving while under the influence of alcohol or drugs in Ohio, eight convictions altogether. Despite Lopez receiving probation for a number of these offenses—all of which involved substance abuse or domestic violence—the instant offenses reveal that probation has not caused Lopez to reform himself. Lopez's character, as revealed by his criminal history and his propensity for committing the same types of offenses, justifies his four-year sentence. In light of the nature of Lopez's five offenses and his character, he has failed to establish that his four-year aggregate sentence is inappropriate.

[8] The judgment of the trial court is affirmed.

Bailey, J., and Brown, J., concur.