UNITED STATES of America,

v.

Geisha SUAREZ, Defendant.

No. 02 CR. 807(VM).

United States District Court,
S.D. New York.

March 26, 2003.

Samuel Williamson, U.S. Atty., Criminal Division, for U.S.

### DECISION AND ORDER

MARRERO, District Judge.

On October 18, 2002, defendant Geisha Suarez ("Suarez") entered a guilty plea before this Court to counts one and two of indictment number 02 Cr. 0807 (the "Indictment"), which charged her with conspiracy to steal federal funds in violation of 18 U.S.C. § 371 and stealing federal funds in violation of 18 U.S.C. § 641, respectively. Suarez pled guilty to willfully and knowingly participating in a conspiracy to cash $75,908.58 worth of fraudulently obtained United States Treasury checks addressed to purported residents of 811 Walton Avenue, Bronx, N.Y. (the "Checks"), and appropriating the Checks. On January 21, 2003, two other defendants charged under the same Indictment, Rita Castillo and Gloria Wiley (together with Suarez, the "Defendants"), also entered guilty pleas before this Court to the same or similar charges.

The Presentence Investigation Report for Suarez, dated November 13, 2002, recommended that Suarez pay restitution for the full amount of the Checks jointly and severally with the other Defendants. Prior to her sentencing, the Court received several letters from Suarez in which Suarez questioned whether her former employer, the Bronx Check Cashing Corporation ("BCCC"), was properly considered a

victim entitled to restitution. Suarez also requested a reduction in the amount of restitution she should be required to pay given the scope of her role in the crimes.

As the Second Circuit has recently noted, federal law defines victims of crime who are entitled to restitution to include those "directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered including, in the case of an offense that involves as an element a scheme, conspiracy, or pattern of criminal activity, any person directly harmed by the defendant's criminal conduct in the course of the scheme, conspiracy, or pattern." *United States v. Coriaty*, 300 F.3d 244, 252 (2d Cir.2002) (citing 18 U.S.C. § 3663A(a)(2)). Under this definition, the Court is persuaded that BCCC is a victim. Suarez pleaded guilty to participating in a scheme to fraudulently cash the Checks, and acknowledged that she knew that what she was doing was wrong and illegal and that she acted of her own free will. In the process of participating in this scheme, which was not authorized or condoned by BCCC, she caused BCCC to lose $75,908.58. This loss should be redressed by the same individuals who caused the loss to happen, which in this case directly implicates Suarez.[1] To attempt to shift the blame to BCCC because of alleged inadequate training or insufficient supervision of its employees would effectively release Suarez of the responsibility she has already assumed for violating the law. *See United States v. Rice*, 38 F.3d 1536, 1542 (9th Cir.1994) (ordering defendant to pay restitution despite defendant's claim that victim's own conduct contributed to financial loss because "crime victim is not required to mitigate damages").

■ The Court is also persuaded that all convicted members of this conspiracy should share equally in the financial consequences of their crimes, and therefore equally bear the burden of reimbursing BCCC for the Checks that the Defendants fraudulently cashed. To apportion the burden on a joint and several basis raises the risk of one Defendant eventually paying more of the restitution than the others, which the Court feels would achieve an inequitable result under the circumstances of this case. Thus, the Court orders each of the Defendants to pay an equal share of the $75,908.58, which results in three equal shares of $25,302.86 each.

## II. ORDER

For the reasons set forth above, it is hereby

**ORDERED** that defendant Geisha Suarez pay restitution of $25,302.86 on a payment schedule to be outlined in the Amended Judgment in a Criminal Case to be filed by the Court; and it is further

**ORDERED** that insofar as permitted by law, upon application or upon the Court's motion, the amount of restitution defendant herein is ordered to pay may be adjusted in the event other defendants involved in the same or related crimes are convicted and ordered to pay the same restitution entailed in this case.

In addition, the Court shall recommend that if the Defendants' co-conspirators, who are currently before Judge Stein, are convicted in this scheme and ordered to pay restitution of the same funds involved in the instant case, each one of them should share in the restitution that the Court has ordered the Defendants here to

---

1. Suarez asks the Court to hold a hearing to address whether this loss was directly and proximately caused by the offenses to which Suarez pleaded guilty. The Court is persuad-ed that Suarez's actions did directly cause these losses, and, for reasons of judicial economy, is not inclined to engage in a hearing to confirm this determination.

pay, which would further reduce the amount that each Defendant would be required to repay.

**SO ORDERED.**