# FOR PUBLICATION



**FILED**

Jun 05 2013, 8:24 am

*[signature]*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**KIMBERLY A. JACKSON**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**J.T. WHITEHEAD**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JESUS S. GIL, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 24A04-1211-CR-603 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE FRANKLIN CIRCUIT COURT
The Honorable J. Steven Cox, Judge
Cause No. 24C01-1110-FB-63

June 5, 2013

**OPINION – FOR PUBLICATION**

**MATHIAS, Judge**

Jesus S. Gil ("Gil") pleaded guilty to Class B felony burglary and was sentenced to twelve years in the Indiana Department of Correction with two years suspended to probation. Gil now appeals and raises four issues, which we restate as:

I. Whether the trial court abused its discretion by failing to specify written probation terms, by imposing a fine and restitution on Gil, or by making restitution joint and several; and

II. Whether the sentence was inappropriate in light of the nature of the offense and character of the offender.

We affirm in part, reverse in part, and remand.

## Facts and Procedural History

On December 30, 2010, Gil and three other individuals broke into the home of Benito Lopez ("Lopez") in Batesville, Indiana and took "jewelry and other assorted items" from the home. Sentencing Tr. p. 7. Lopez and his family were on vacation at the time. Lopez discovered the theft on January 13, 2011, but he did not report the theft to police until August 31, 2011 when someone approached his daughter at school and inquired about whether missing money had been returned.

On October 5, 2011, Gil was charged with two counts of Class B felony burglary,[1] and on August 16, 2012, Gil pleaded guilty to Count I pursuant to an unwritten plea agreement and Count II was dismissed. On October 31, 2012, Gil was sentenced to

---

[1] The charging information for Count I provided: "On or about Thursday, December 30, 2010, Jesus S. Gil did knowingly or intentionally break and enter the dwelling of another person . . . with intent to commit a felony therein, to wit: theft of jewelry located in the upstairs level of Lopez's home." Appellant's App. p. 23.

The charging information for Count II provided: "On or about Friday, December 31, 2010, Jesus S. Gil did knowingly or intentionally break and enter the dwelling of another person . . . with intent to commit a felony therein, to wit: theft of $20,000 in cash from a safe located in the basement of Lopez's home." Appellant's App. p. 24.

twelve years in the Indiana Department of Correction with two years suspended to probation. The trial court also imposed a $250 fine and ordered Gil to pay Lopez $20,000 in restitution, jointly and severally with the co-perpetrators.

Gil now appeals.

## I. Abuse of Discretion

Gil argues that the trial court abused its discretion because (a) the trial court failed to specify the conditions of probation, (b) the trial court imposed a fine and restitution that were not explicitly provided for in the plea agreement, and (c) the trial court ordered that restitution be entered jointly and severally with the other co-perpetrators. We reverse a trial court's sentencing decision and an order to pay restitution only for an abuse of discretion. Lang v. State, 911 N.E.2d 131, 135 (Ind. Ct. App. 2009); Corralez v. State, 815 N.E.2d 1023, 1025 (Ind. Ct. App. 2004). A trial court abuses its discretion if its "decision is clearly against the logic and effects of the facts and circumstances before it" or if it "misinterprets or misapplies the law." Bennett v. State, 862 N.E.2d 1281, 1286 (Ind. Ct. App. 2007).

### A. *Conditions of Probation*

Gil argues that the trial court abused its discretion by failing to specify the conditions of his probation. Under Indiana Code section 35-38-2-1, whenever the court places a person on probation, it shall "(1) specify in the record the conditions of the probation . . . ." In addition, Indiana Code section 35-38-2-2.3 further provides:

> (b) When a person is placed on probation, the person shall be given a written statement specifying:
> (1) the conditions of probation; and

3

(2) that if the person violates a condition of probation during the probationary period, a petition to revoke probation may be filed before the earlier of the following:

    (A) One (1) year after the termination of probation.

    (B) Forty-five (45) days after the state receives notice of the violation.

Thus, the law generally requires that if a person is placed on probation, the trial court must provide the defendant a written statement containing the terms and conditions of probation at the sentencing hearing. See Kerrigan v. State, 540 N.E.2d 1251, 1252 (Ind. Ct. App. 1989). However, we have previously held that the trial court's failure to provide written probation terms may be harmless error *if* the defendant has been orally advised of the conditions *and* acknowledges that he understands the conditions. Id.

Here, the trial court failed to provide Gil a written statement of probation terms. The trial court did orally indicate that no contact with the victim was a condition of probation, and the State argues that this was sufficient to establish that no contact is the lone term of probation. But even if this was an adequate oral statement establishing only one probation term, Gil never acknowledged that he understood this as a term of his probation. See Kerrigan, 540 N.E.2d at 1252. For all these reasons, we conclude that the trial court erred by failing to enter written probation terms and that this error was not harmless. Thus, we remand this case and instruct the trial court to enter written probation terms.

4

B. *Imposition of Fine and Restitution*

Gil argues that the trial court abused its discretion by ordering him to pay a fine and restitution when the subject of restitution was not in the unwritten[2] plea agreement. Gil cites a string of cases in support of the proposition that a trial court cannot impose a fine or restitution that was not provided for in the plea agreement; however, his reliance on these cases is misplaced. These cases dealt with defendants pleading guilty pursuant to recommended or fixed sentences. Appellant's Br. at 9-10 (citing Briscoe v. State, 783 N.E.2d 790, 792 (Ind. Ct. App. 2003); Sinn v. State, 693 N.E.2d 78, 80 (Ind. Ct. App. 1998); Gipperich v. State, 658 N.E.2d 946, 950 (Ind. Ct. App. 1995), trans. denied; Disney v. State, 441 N.E.2d 489, 493-94 (Ind. Ct. App. 1982)).

Here, Gil entered an open guilty plea, and sentencing was left to the trial court's discretion. Sentencing Tr. pp. 4, 10; Plea Hearing Tr. p. 3. Indiana Code section 35-50-5-3(a) provides that a court can impose restitution to the victim of the crime in addition to any sentence imposed for a felony or misdemeanor. For these reasons, we conclude that the trial court did not abuse its discretion by imposing restitution and a fine[3] because the open plea agreement left sentencing to the judge's discretion.[4]

---

[2] Indiana Code section 35-35-3-3 requires that a plea agreement for a felony charge must be reduced to writing. "The purpose behind this statute is to insure that a defendant does not base his guilty plea upon certain promises made by the prosecutor where the judge has in fact not accepted the state's recommendation." Davis v. State, 418 N.E.2d 256, 260 (Ind. Ct. App. 1981). While a "failure to reduce an agreement to writing need not itself be deemed a sufficient ground for rejection," we note that this case highlights why reducing a plea agreement to writing is a wise practice that should be followed in all felony and Class A misdemeanor cases. Centers v. State, 501 N.E.2d 415, 417-18 (Ind. 1986).

[3] We also note that the trial court explicitly informed Gil that a fine up to $10,000 was possible prior to Gil entering the plea agreement. Plea Hearing Tr. p. 5.

[4] To the extent there is any inconsistency between this case and Edsall v. State, 983 N.E.2d 200, 204 (Ind. Ct. App. 2013), we note that the latter is fully distinguishable based upon its holding that the State was

5

Gil also argues that the trial court abused its discretion in ordering restitution because there was not sufficient evidence that "the victim suffered a $20,000 loss." Appellant's Br. at 10. The trial court must base its restitution order on "property damages of the victim incurred as a result of the crime, based on the actual cost of repair (or replacement if repair is inappropriate)[.]" Ind. Code § 35-50-5-3. "A restitution order must be supported by sufficient evidence of actual loss sustained by the victim or victims of a crime." Rich v. State, 890 N.E.2d 44, 49 (Ind. Ct. App. 2008), trans. denied. We acknowledge that Gil failed to object to the amount of the restitution order, which generally results in waiver of an issue on appeal. "However, a reviewing court may remedy an unpreserved error when it determines that the trial court committed fundamental error." Ware v. State, 816 N.E.2d 1167, 1179 (Ind. Ct. App. 2004). We have previously held that "[a]n improper sentence constitutes fundamental error and cannot be ignored on review." Id.

Here, the trial court imposed restitution of $20,000. Gil pleaded guilty to Count I burglary, which was knowingly or intentionally breaking and entering the dwelling of another person with "intent to commit a felony therein, to wit: theft of jewelry located in the upstairs level of Lopez's home." Appellant's App. p. 23; Plea Hearing Tr. pp. 6-7. Thus, restitution for the jewelry and other items stolen on December 30, 2010 would be appropriate, but there was no evidence in the record regarding the value of the jewelry or

---

not a victim of the defendant's offenses, and, thus, the defendant could not be required to pay restitution to reimburse the State for costs of the investigation.

other stolen property that was taken on December 30, 2010.[5] Moreover, the State conceded that it was "not clear from the record how the trial court arrived at its final restitution sum." Appellee's Br. at 7.

For all these reasons, we conclude the trial court erred by imposing $20,000 in restitution when the record was devoid of any evidence establishing the value of the jewelry or other damages caused by the burglary on December 30, 2010. Since there was insufficient evidence regarding the amount of property damaged or stolen on December 30, 2010, we remand to the trial court for a new hearing on restitution to determine whether adequate proof exists as to the amount of restitution ordered.[6] Iltzsch v. State, 981 N.E.2d 55, 56-57 (Ind. 2013) (holding that while "the better practice for the State would have been to present more substantial evidence about the nature and extent of the property damage," the cause should be remanded to the trial court for a new restitution hearing).

---

[5] We note that Gil was originally charged with two counts of burglary and that Count II alleged that on December 31, 2010 Gil returned to the home and stole $20,000 from a safe. However, the restitution order could not properly be based upon the December 31, 2010 incident, because Gil was not convicted of this crime. Restitution may be paid to a victim for damages "incurred as *a result of the crime*[.]" Ind. Code § 35-50-5-3 (emphasis added); see also Polen v. State, 578 N.E.2d 755, 757 (Ind. Ct. App. 1991) (holding that the trial court's restitution order for crimes for which the defendant did not plead guilty, was not convicted, and did not agree to pay restitution was contrary to law). Here, the State, in return for Gil pleading guilty to Count I, dismissed Count II. Sentencing Tr. pp. 10, 13; Plea Hearing Tr. pp. 3, 7.

[6] Gil also argues that the trial court failed to assess his ability to pay $20,000 in restitution and failed to fix the manner of payment. A trial court can order restitution as a condition of probation or as a part of defendant's sentence wholly apart from probation. Rich v. State, 890 N.E.2d 44, 50 (Ind. Ct. App. 2008). Under Indiana Code section 35-38-2-2.3(a)(5), "when the trial court enters an order of restitution as part of a condition of probation, the court is required to inquire into the defendant's ability to pay" and is required to fix the manner of payment. Pearson v. State, 883 N.E.2d 770, 772 (Ind. 2008). Whereas, "when restitution is ordered as part of an executed sentence, an inquiry into the defendant's ability to pay is not required." Id. at 773. The record is unclear in this case whether the trial court ordered restitution as a condition of probation or as part of the sentence. Since we are remanding with instructions to specify probation terms, we note that the trial court should clarify whether restitution is a part of Gil's sentence or a condition of his probation. If restitution is a condition of probation, then the trial court must assess Gil's ability pay and must fix the manner of payment. Id. at 772-73.

C. *Joint and Several*

Gil also argues that the trial court should have apportioned the amount of restitution among the co-perpetrators in relation to each person's contribution to the victim's loss. In light of the fact that we are remanding for a new restitution hearing, we need not address today whether the trial court abused its discretion in ordering that restitution be joint and several. However, we do note that this is an argument worthy of consideration. Indiana Constitution, Article I, Section 16 provides that "[a]ll penalties shall be proportioned to the nature of the offense." Thus, sentencing courts should consider whether imposing joint and several liability for the full amount of the restitution ordered is constitutionally proportionate to the nature of the offense committed by a defendant who has caused only a portion of the damages and in relation to the sentences entered against other co-defendants for the same course of criminal conduct.

We further note it may be particularly advisable to apportion liability among defendants under some factual circumstances, such as when there are varying lengths and levels of involvement by the criminal participants. See, e.g., United States v. Smith, 3:08-CR-31-JMH, 2012 WL 1658514 (E.D. Ky. May 11, 2012) (holding that while federal law permits, but does not require the Court to enter an apportioned, rather than joint and several restitution order, under the specific factual circumstances of the case, an apportioned restitution judge "would best address" the restitution issues in the case); United States v. Suarez, 253 F. Supp. 2d 662, 663 (S.D.N.Y. 2003) ("To apportion the burden on a joint and several basis raises the risk of one Defendant eventually paying

more of the restitution than the others, which the Court feels would achieve an inequitable result under the circumstances of this case.").

## II. Inappropriate Sentence

Gil also contends that his sentence was inappropriate in light of the nature of the offense and his character. Under Indiana Appellate Rule 7(B), we may "revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Although we may review and revise a sentence, "[t]he principal role of appellate review should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." Cardwell v. State, 895 N.E.2d 1219, 1225 (Ind. 2008). We must give "deference to a trial court's sentencing decision, both because Rule 7(B) requires us to give due consideration to that decision and because we understand and recognize the unique perspective a trial court brings to its sentencing decisions." Trainor v. State, 950 N.E.2d 352, 355-56 (Ind. Ct. App. 2011), trans. denied (quoting Stewart v. State, 866 N.E.2d 858, 866 (Ind. Ct. App. 2007)) (internal quotation marks omitted).

When we review the appropriateness of a sentence, we consider "the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." Cardwell, 895 N.E.2d at 1224. The defendant has the "burden to persuade us that the sentence imposed by the trial court is inappropriate." Shell v. State, 927 N.E.2d 413, 422 (Ind. Ct. App. 2010). Before we may

9

revise a sentence, the defendant must "demonstrate that his sentence is inappropriate in light of *both* the nature of his offenses and his character." Williams v. State, 891 N.E.2d 621, 633 (Ind. Ct. App. 2008) (emphasis in original).

The sentencing range for Class B felony burglary is a fixed term between six and twenty years, with an advisory sentence of ten years. Ind. Code § 35-50-2-5. Here, the trial court sentenced Gil to twelve years in the Department of Correction with two years suspended to probation.

As to the nature of the offense, we note that Gil and his co-perpetrators, broke into a home, stole jewelry from the home, and then proceeded to pawn the jewelry to buy marijuana. Appellant's App. p. 79. As to Gil's character, we note that Gil pleaded guilty and expressed some remorse; however, in exchange for his guilty plea, the State dismissed the charge for Count II of burglary. Moreover, Gil already had a lengthy history of criminal or delinquent behavior, despite only being nineteen years old at the time of sentencing. As a juvenile, Gil was placed in a program of Informal Adjustment after he was charged with Class B felony burglary and Class D felony residential entry. He violated Informal Adjustment after failing a drug screen and after being charged with Class B felony child molesting and Class A misdemeanor possession of marijuana. Moreover, Gil was also convicted of Class A misdemeanor invasion of privacy, Class A misdemeanor possession of marijuana, and Class C misdemeanor illegal possession of alcohol. This lengthy criminal history reflects poorly on Gil's character.

For all these reasons, we conclude Gil has failed to prove that his sentence "is inappropriate in light of *both* the nature of his offenses and his character." Williams, 891

N.E.2d at 633 (emphasis in original). The nature of the offense and more particularly, Gil's character, support the trial court's decision to impose a slightly enhanced sentence.

## Conclusion

We reverse and remand with instructions for the trial court to enter a written order regarding probation conditions and terms and for the trial court to hold a new restitution hearing. We also conclude that the trial court's sentence was not inappropriate in light of the nature of the offense and Gil's character.

Affirmed in part, reversed in part, and remanded.

BAKER, J., and MAY, J., concur.

11