## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 20 2016, 9:47 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Leanna Weissmann
Lawrenceburg, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Larry D. Allen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

William Foddrill,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

June 20, 2016

Court of Appeals Case No.
16A05-1511-CR-2083

Appeal from the Decatur Superior Court

The Honorable Matthew D. Bailey, Judge

Trial Court Cause No.
16D01-1407-FA-489

**Bradford, Judge.**

## Case Summary

In 2014, Appellant-Defendant Willaim Foddrill impregnated his twelve-year-old step-daughter and subsequently pled guilty to Class A felony child molesting. On appeal, Foddrill argues that his twenty-five-year executed sentence is inappropriate in light of the nature of the offense and his character. Concluding otherwise, we affirm.

## Facts and Procedural History

Between January and May of 2014, then-twenty-five-year-old Foddrill had sexual intercourse with and impregnated his twelve-year-old step-daughter, M.L. M.L. gave birth to Foddrill's child before her thirteenth birthday. On August 2015, Foddrill pled guilty to one count of Class A felony child molesting. Foddrill's plea agreement provided that he would be sentenced to "25 years at the Indiana Department of Corrections ("DOC"), with the executed portion and suspended portion OPEN to the Court." Appellant's App. p. 73. The trial court ordered that Foddrill's entire twenty-five-year sentence be executed in the DOC.

## Discussion and Decision

On appeal, Foddrill argues that his sentence is inappropriate in light of the nature of the offense and his character. "Ind. Appellate Rule 7(B) empowers us to independently review and revise sentences authorized by statute if, after due consideration, we find the trial court's decision inappropriate in light of the nature of the offense and the character of the offender." *Anderson v. State*, 989

N.E.2d 823, 827 (Ind. Ct. App. 2013), *trans. denied*. "An appellant bears the burden of showing both prongs of the inquiry favor revision of [his] sentence." *Id*. (citing *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006)). "We must give 'deference to a trial court's sentencing decision, both because Rule 7(B) requires us to give due consideration to that decision and because we understand and recognize the unique perspective a trial court brings to its sentencing decisions.'" *Gil v. State*, 988 N.E.2d 1231, 1237 (Ind. Ct. App. 2013) (quoting *Trainor v. State*, 950 N.E.2d 352, 355-56 (Ind. Ct. App. 2011), *trans. denied*.).

[4] Foddrill does not argue that his sentence is inappropriate in light of the nature of his offense and admits that his offense is "awful" and justifies an enhanced sentence. Appellant's Br. p. 5. However, "awful" does not begin to describe the appalling nature of Foddrill's actions and the extent of damage he has caused M.L. and her family. M.L. missed months of school while pregnant and, after giving birth, was prevented from returning to school for some time due to excessive bullying. M.L. was harassed by her classmates at school and on social media due to her pregnancy and has suffered from depression as a result. Furthermore, M.L. has been burdened by her involuntarily entry into motherhood at an incredibly young age, effectively stripping her of her childhood.

[5] Foddrill argues that, despite his offense, his character acts to "rebalance the scale" and justifies revision of his sentence. Appellant's Br. p. 7. However, Foddrill bears the burden of showing *both* his offense and character justify a

revised sentence and he has failed to do so by admitting that his sentence is not inappropriate in light of the egregious nature of his offense. Nevertheless, Foddrill's character also merits an enhanced sentence. Despite Foddrill's claim that he is remorseful and took responsibility for his crime, Foddrill initially did not acknowledge that M.L.'s child was his and only pled guilty after it was proven that he was the father of the child. The trial court found that this "reflect[ed] negatively on his acceptance of responsibility for what he did." Tr. p. 146.

[6] Even assuming Foddrill is of good character—a proposition which is contrary to his taking advantage of a child over whom he held a position of trust and care—Foddrill's sentence is not inappropriate and, in fact, is quite favorable considering his offense. The sentencing range for a Class A felony is twenty to fifty years with an advisory sentence of thirty years. Ind. Code § 35-50-2-4. Foddrill's sentence was five years less than the advisory and only half of the fifty years he could have faced absent the plea agreement. Accordingly, we find that Foddrill's sentence was not inappropriate in light of his character and offense.

[7] The judgment of the trial court is affirmed.

Bailey, J., and Altice, J., concur.