## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 25 2019, 10:07 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office, LLC
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caryn N. Szyper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Ronald A. Rupska,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

February 25, 2019

Court of Appeals Case No.
18A-CR-2457

Appeal from the Vigo Superior Court

The Honorable John T. Roach, Judge

Trial Court Cause No.
84D01-1601-F6-7

**Bradford, Judge.**

# Case Summary

[1]    In April of 2017, Ronald A. Rupska pled guilty to Level 6 felony operating a vehicle while intoxicated ("OWI"). Rupska was initially place in the Vigo County Veterans Court Treatment Program ("Veterans Treatment Program"). His participation in the program was terminated due to Rupska's failure to abide by its rules. The trial court subsequently sentenced Rupska to two years of incarceration, all suspended to probation. Rupska contends that his sentence is inappropriate in light of the nature of his offense and his character. Because we disagree, we affirm.

# Facts and Procedural History

[2]    On January 2, 2016, police officers discovered Rupska slumped over the steering wheel of his vehicle. Upon making contact with Rupska, officers observed an open beer can lying next to his vehicle and smelled the odor of an alcoholic beverage emanating from his breath. Rupska admitted that he had been driving the vehicle and had been drinking. Rupska failed a field sobriety test and refused to take a chemical test, after which he was taken into police custody.

[3]    On January 4, 2016, the State charged Rupska with Class A misdemeanor OWI endangering a person and Level 6 felony OWI. On April 7, 2017, Rupska pled guilty to Level 6 felony OWI and, in exchange, the State dismissed the remaining charge. The trial court deferred entering judgment of conviction to

allow Rupska to participate in the Veterans Treatment Program. On June 13, 2018, Rupska was terminated from the Veterans Treatment Program for noncompliance, and the trial court entered judgment of conviction. On September 12, 2018, the trial court sentenced Rupska to two years of incarceration, all suspended to probation.

# Discussion and Decision

[4] Rupska contends that his sentence of two years of incarceration, all suspended to probation, is inappropriate. We may revise a sentence if, "after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). "Sentencing is principally a discretionary function in which the trial court's judgment should receive considerable deference." *Cardwell v. State*, 895 N.E.2d 1219, 1222 (Ind. 2008) (internal citations omitted). The defendant bears the burden of proving that his sentence is inappropriate in the light of both the nature of his offense and his character. *Gil v. State*, 988 N.E.2d 1231, 1237 (Ind. Ct. App. 2013). Rupska pled guilty to Level 6 felony OWI, an offense with a maximum penalty of two-and-one-half years of incarceration, for which he received two years, all suspended to probation. *See* Ind. Code § 9-30-5-2; Ind. Code § 9-30-5-3.

[5] The nature of Rupska's offense does not support a reduction in his sentence. Rupska committed Level 6 felony OWI and was in such a state of intoxication

that officers found him slumped over his steering wheel. Moreover, Rupska was on probation and violated the terms thereof when he committed the offense.

[6] Rupska's character also does not support a reduction in his sentence. The sixty-one-year-old Rupska has a history with the criminal justice system and substance abuse that dates back to his first arrest at the age of thirty. Rupska has prior convictions for Class A misdemeanor OWI endangering a person, Class B misdemeanor public intoxication, and Class C misdemeanor OWI. He also violated the terms of his probation. Moreover, Rupska was given an opportunity to deal with his substance-abuse issues prior to judgment of conviction being entered in this case by participating in the Veterans Treatment Program; however, his participation was terminated after a determination of noncompliance due to thirteen missed call-ins, four missed drug screens, and five positive drug screens. Despite his prior contacts with the criminal justice system and the trial court's efforts to provide him with the tools to deal with his substance abuse, Rupska has been unwilling to address his issues or conform his actions to societal norms. Rupska has failed to establish that his sentence is inappropriate.

[7] The judgment of the trial court is affirmed.

Bailey, J., and Brown, J., concur.