## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 22 2019, 8:02 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Michael P. DeArmitt
Columbus, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Matthew B. MacKenzie
Deputy Attorney General
Indianapolis, Indiana

# I N  T H E
# COURT OF APPEALS OF INDIANA

Matthew Q. Baker,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

April 22, 2019

Court of Appeals Case No.
18A-CR-2720

Appeal from the Bartholomew Superior Court

The Hon. James D. Worton, Judge

Trial Court Cause No.
03D01-1806-F5-3242

**Bradford, Judge.**

# Case Summary

In June of 2018, Matthew Baker confined his ex-girlfriend Candie Conrad in her home against her will, later pled guilty to Level 6 felony criminal confinement, and was sentenced to two and one-half years of incarceration. Baker contends that his sentence is inappropriate in light of the nature of his offense and his character. Because we disagree, we affirm.

# Facts and Procedural History

On June 10, 2018, Baker forced his way into Conrad's home and physically confined her against her will, also grabbing, pushing, slapping, and punching her. At one point, Baker held a knife to Conrad's throat and threatened her life and the lives of her daughter and her cats. Conrad suffered bruising as a result of Baker's abuse during her confinement. On June 12, 2018, the State charged Baker with Level 5 felony intimidation with a deadly weapon, Level 6 felony criminal confinement, and Class A misdemeanor domestic battery. On September 10, 2018, Baker pled guilty to criminal confinement in exchange for the other counts being dismissed and agreed that sentencing would be left to the trial court's discretion. On October 16, 2018, the trial court sentenced Baker to two and one-half years of incarceration. The trial court noted Baker's extensive criminal history, his history of violating the terms of probation, that past treatment opportunities had been unsuccessful, and his history of battery and domestic-violence offenses.

# Discussion and Decision

[3]    Baker contends that his two-and-one-half year sentence, which is the maximum sentence for a Level 6 felony, is inappropriately harsh. *See* Ind. Code § 35-50-2-7(b). We may revise a sentence if, "after due consideration of the trial court's decision, [we find] that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). The "nature of the offense" refers to the defendant's acts in comparison with the elements of his offense, *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008), while "character of the offender" refers to general sentencing considerations and the relevant aggravating and mitigating circumstances. *Knapp v. State*, 9 N.E.3d 1274, 1292 (Ind. 2014). Baker has the burden to show that his sentence is inappropriate in light of both the nature of the offense and his character. *Gil v. State*, 988 N.E.2d 1231, 1237 (Ind. Ct. App. 2013). This can only be done with "compelling evidence portraying in a positive light the nature of the offense [...] and the defendant's character[.]" *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015).

[4]    The nature of Baker's offense is significantly worse than a typical Level 6 felony criminal confinement. While Baker's conviction was supported by his admission that he "knowingly or intentionally confine[d Conrad] without [her] consent[,]" Ind. Code § 35-42-3-3(a), the record indicates that his actions went far beyond that. According to the probable cause affidavit, Baker's confinement of Conrad began when he forced his way into her house and grabbed, pushed and slapped her. Baker held a butcher's knife to Conrad's throat and threatened

her life and the lives of her daughter and her cats. When Conrad attempted to leave the house to contact police who happened to be nearby, Baker grabbed her, threw her onto a couch, and punched her legs with his fist. A police officer later observed swelling to Conrad's cheeks and bruising on her legs, back, and chest. These facts could have supported charges far more serious than Level 6 felony criminal confinement, including, but not limited to, Level 5 felony criminal confinement causing bodily injury, Ind. Code § 35-42-3-3(b)(1)(C), or Level 3 felony criminal confinement while using a deadly weapon. Ind. Code § 35-42-3-3(b)(2)(A). In comparison to the elements of Level 6 felony criminal confinement, the far more serious nature of Baker's offense justifies his sentence.

[5] Baker's character, which is revealed by his lengthy criminal history, also justifies his sentence. Over the course of almost thirty years, the forty-eight-year-old Baker has accumulated adult convictions for Class C felony burglary, Class D felony residential entry, two counts of Class A misdemeanor resisting law enforcement, two counts of Class A misdemeanor battery, Class A misdemeanor domestic battery, Class A misdemeanor operating while intoxicated, Class A misdemeanor possession of marijuana, Class B misdemeanor mischief, four counts of Class C misdemeanor illegal consumption, and Class C misdemeanor driving while suspended. Baker's record also shows that less-restrictive measures have failed. Baker has had his probation revoked six times, resulting in the imposition of over eight years of executed time that had previously been suspended. Despite Baker's lengthy

history of criminal convictions and many chances to reform himself, he has not chosen to do so. Baker has failed to convince us that his two-and-one-half-year sentence for Level 6 felony criminal confinement is inappropriate.

[6] The judgment of the trial court is affirmed.

Crone, J., and Tavitas, J., concur.