# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 22 2019, 9:20 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Rebecca L. Gray
The Law Offices of Rebecca Gray, LLC
Carmel, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Josiah Swinney
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Velia Ann Burton,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | July 22, 2019<br><br>Court of Appeals Case No.<br>18A-CR-2962<br><br>Appeal from the Shelby Circuit Court<br><br>The Honorable Trent E. Meltzer, Judge<br><br>Trial Court Cause No.<br>73C01-1803-F2-4 |

**Bradford, Judge.**

# Case Summary

[1]     In October of 2018, Velia Ann Burton was convicted of Level 2 felony dealing in methamphetamine, Level 4 felony methamphetamine possession, and Level 6 felony maintaining a common nuisance. The trial court sentenced Burton to nineteen years of incarceration. Burton contends that her sentence is inappropriate in light of the nature of her offense and her character. We affirm.

# Facts and Procedural History

[2]     In February of 2018, police officers executed a search warrant at the home where Burton was residing and discovered Burton and her boyfriend lying in bed. Officers also discovered a total of 27.25 grams of methamphetamine, plastic baggies, scales, and various drug paraphernalia. Burton admitted to dealing methamphetamine to twelve different individuals each month. In March of 2018, the State charged Burton with Level 2 felony dealing in methamphetamine, Level 4 felony methamphetamine possession, and Level 6 felony maintaining a common nuisance. In October of 2018, a jury trial was held, after which Burton was found guilty as charged. In November of 2018, the trial court merged the dealing and possession convictions and sentenced Burton to an aggregate sentence of nineteen years of incarceration.

# Discussion and Decision

[3]     Burton contends that her nineteen-year sentence is inappropriate. We may revise a sentence if, "after due consideration of the trial court's decision, the

Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). "Sentencing is principally a discretionary function in which the trial court's judgment should receive considerable deference." *Cardwell v. State*, 895 N.E.2d 1219, 1222 (Ind. 2008) (internal citations omitted). The defendant bears the burden of proving that her sentence is inappropriate in the light of both the nature of her offense and her character. *Gil v. State*, 988 N.E.2d 1231, 1237 (Ind. Ct. App. 2013). Burton was sentenced to nineteen years on her convictions of Level 2 felony dealing in methamphetamine and Level 6 felony maintaining a common nuisance. Burton faced a maximum punishment of thirty years on the Level 2 felony and two-and-one-half years on the Level 6 felony. *See* Ind. Code § 35-50-2-4.5, Ind. Code § 35-50-2-7.

[4] The nature of Burton's offense does not support a reduction in her sentence. Burton was convicted of Level 2 felony dealing in methamphetamine after police discovered 27.25 grams of methamphetamine in her home, which is far greater than the amount needed to sustain the conviction. In addition, the police recovered plastic baggies, scales, and various drug paraphernalia. Burton also admitted to dealing the methamphetamine to twelve different individuals each month.

[5] Burton's character also does not support a reduction in her sentence. At thirty-one years old, Burton has prior convictions for Level 6 felony auto theft, Class D felony auto theft, three counts of Class D felony theft, Class A misdemeanor possession of a controlled substance, Class A misdemeanor theft, and Class A

misdemeanor false informing. Burton has also violated the terms of her probation. Moreover, at the time of her arrest, Burton faced pending charges in another county and outstanding warrants had been issued for her arrest in multiple counties. Despite her prior contacts with the criminal justice system, Burton has been unwilling to conform her actions to societal norms. Burton has failed to establish that her sentence is inappropriate.

[6] The judgment of the trial court is affirmed.

Vaidik, C.J., and Riley, J., concur.