# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 10 2019, 10:34 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Leanna Weissmann
Lawrenceburg, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Josiah Swinney
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Milton Antonio Garcia, *Appellant-Defendant,* | December 10, 2019 |
| | Court of Appeals Case No. 19A-CR-1583 |
| v. | Appeal from the LaGrange Superior Court |
| State of Indiana, *Appellee-Plaintiff.* | The Honorable Lisa Bowen-Slaven, Judge |
| | Trial Court Cause No. 44D01-1606-F2-5 |

**Bradford, Judge.**

# Case Summary

In June of 2019, the trial court sentenced Milton Antonio Garcia to thirty years of incarceration after he pled guilty to Level 2 felony burglary. Garcia contends that his sentence is inappropriate. Because we disagree, we affirm.

# Facts and Procedural History

On June 12, 2016, Garcia boasted to three of his friends that he knew about a home in LaGrange County that had numerous guns that he had failed to steal when he had burglarized the same home a few years previously. The group agreed to burglarize the home. Residing in the LaGrange County home was sixty-eight-year-old Phil Curtis along with his sixty-five-year-old wife and ninety-four-year-old mother-in-law. After arriving at the residence, Garcia and two of his co-defendants pried open the door while the other co-defendant remained in his vehicle. Garcia and one of the co-defendants were armed with handguns. As they broke into the residence, they startled Curtis, who had been asleep on the couch. Curtis was struck in the back of the head with a handgun and ordered to open the safe. Upon his hesitation, Curtis was told that he would be shot in the knee, stomach, or head if he refused to open the safe. At that point, one of the co-defendants fired his handgun inside the residence. Garcia yelled at Curtis, "I'm tired of f***ing with you," tr. p. 27, and told the co-defendant holding Curtis at gunpoint to "Pop that m*****-f*****." *Id.* Finally, Garcia and his co-defendants gained access to Curtis's safe and stole numerous guns, collectible coins, and prescription drugs. During the burglary,

Curtis's wife and mother-in-law heard the attack from upstairs and called law enforcement. Upon law enforcement's arrival, the co-defendants were arrested in or near the residence, but Garcia was not apprehended until he was found in a neighboring county with many of the stolen items inside his vehicle.

[3] On June 16, 2016, the State charged Garcia with Level 2 felony burglary, Level 3 felony armed robbery, and Level 3 felony criminal confinement. Pursuant to a plea agreement, Garcia agreed to plead guilty to burglary with sentencing at the discretion of the trial court. In exchange, the State agreed to dismiss the remaining charges. On June 19, 2019, the trial court accepted the plea agreement and sentenced Garcia to thirty years of incarceration.

## Discussion and Decision

[4] Garcia contends that his thirty-year sentence is inappropriate. We may revise a sentence if, "after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). "Sentencing is principally a discretionary function in which the trial court's judgment should receive considerable deference." *Cardwell v. State*, 895 N.E.2d 1219, 1222 (Ind. 2008) (internal citations omitted). The defendant bears the burden of proving that his sentence is inappropriate in light of both the nature of his offense and his character. *Gil v. State*, 988 N.E.2d 1231, 1237 (Ind. Ct. App. 2013). Garcia was sentenced to thirty years for his Level 2 felony burglary conviction, the maximum possible penalty. Ind. Code § 35-50-2-4.5.

[5] The nature of Garcia's egregious offense does not support a reduction in his sentence. Garcia was convicted of Level 2 felony burglary after he led a group of co-defendants in burglarizing Curtis's home for a second time. Sixty-eight-year-old Curtis was struck in the head with a handgun and Garcia ordered the co-defendant who was holding Curtis at gunpoint to "Pop that m*****-f*****." Tr. p. 27. In addition to Curtis, Garcia also victimized Curtis's sixty-five-year-old wife and ninety-four-year-old mother-in-law, who were present in the residence during the burglary.

[6] Garcia's character also does not support a reduction in his sentence. At twenty-seven years old, Garcia has prior convictions for Level 4 felony burglary, Level 4 felony unlawful possession of a firearm by a serious violent felon, Level 6 felony failure to return to lawful detention, and five misdemeanors. Garcia has also violated the terms of his probation and community corrections. Moreover, this was the second time Garcia burglarized the Curtis residence, which clearly demonstrates that despite Garcia's prior contacts with the criminal justice system, he is unwilling to conform his actions to societal norms. Garcia has failed to establish that his sentence is inappropriate.

[7] The judgment of the trial court is affirmed.

Robb, J., and Altice, J., concur.