# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 30 2019, 11:00 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Stacy R. Uliana
Bargersville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Angela N. Sanchez
Assistant Section Chief
Criminal Appeals
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Tylarr Tagliaferri,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | December 30, 2019<br><br>Court of Appeals Case No.<br>19A-CR-1876<br><br>Appeal from the Steuben Superior Court<br><br>The Honorable William C. Fee, Judge<br><br>Trial Court Cause No.<br>76D01-1607-F1-489 |

**Bradford, Judge.**

# Case Summary

In July of 2019, the trial court sentenced Tylarr Tagliaferri to thirty years of incarceration after he pled guilty to three counts of Level 3 felony child molesting. Tagliaferri contends that his sentence is inappropriate and that the trial court erred in failing to find Tagliaferri's own victimization of molestation as a child to be a mitigating factor. We affirm.

# Facts and Procedural History

On Thursday nights near the end of 2015, Tagliaferri would babysit his then-fiancée's nephews, J.F. (ten years old), B.F. (eight years old), and K.F. (six years old), while his fiancée was at work. Following Christmas of 2015, Tagliaferri began forcing the boys to perform oral sex on him. In the garage, Tagliaferri would pull down his pants, make J.F. sit on a bucket and perform oral sex on him until Tagliaferri ejaculated in J.F.'s mouth. J.F. stated that this occurred "all the time" with the last incident occurring the Thursday night before the Indiana Department of Child Services ("DCS") became involved. Appellant's App. Vol. II p. 34. In the living room, Tagliaferri would pull down his pants and make B.F. perform oral sex on him until Tagliaferri ejaculated in B.F.'s mouth. B.F. stated that Tagliaferri told him to "swallow it," and when B.F. refused Tagliaferri would say "Bad (name redacted)." Appellant's App. Vol. II p. 36. B.F. noted that this occurred more than ten times, with the last incident being the Thursday evening before DCS became involved. Both J.F. and B.F. witnessed Tagliaferri force K.F. to perform oral sex on him as well.

On July 14, 2016, law enforcement became involved after J.F. told his grandmother about the molestation.

[3] On July 18, 2016, the State charged Tagliaferri with four counts of Level 1 felony child molesting. On June 5, 2019, the State also charged Tagliaferri with three counts of Level 3 felony child molesting. On June 14, 2019, pursuant to the written plea agreement, Tagliaferri pled guilty to three counts of Level 3 felony child molesting. In exchange, the State agreed to dismiss the four counts of Level 1 felony child molesting and to a fixed sentencing range between three and ten years for each of the Level 3 felonies. On July 12, 2019, the trial court accepted the plea agreement and sentenced Tagliaferri to ten years on each count, to be served consecutively, for an aggregate sentence of thirty years of incarceration.

# Discussion and Decision

[4] Tagliaferri contends that his thirty-year sentence is inappropriate. We may revise a sentence if, "after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). "Sentencing is principally a discretionary function in which the trial court's judgment should receive considerable deference." *Cardwell v. State*, 895 N.E.2d 1219, 1222 (Ind. 2008) (internal citations omitted). The defendant bears the burden of proving that his sentence is inappropriate in the light of both the nature of his offense and his character. *Gil v. State*, 988 N.E.2d 1231, 1237 (Ind. Ct. App. 2013).

[5]     The nature of Tagliaferri's offenses does not support a reduction in his sentence. Tagliaferri was convicted of three counts of Level 3 felony child molesting after he made his fiancées three nephews perform oral sex on him until he ejaculated in the boys' mouths. Tagliaferri's pattern of molestation occurred every Thursday night after Christmas of 2015 until July of 2016, with multiple molestations occurring on the same night. Moreover, Tagliaferri violated his position of trust as the boys' babysitter.

[6]     Tagliaferri's character also does not support a reduction in his sentence. Tagliaferri has prior convictions for minor in possession of alcohol and battery. Most notable, the victim in the battery case was J.F., who was also molested in this case. Not only was Tagliaferri on probation when he molested the boys, but he also violated a no-contact order put in place to protect J.F. from him. This clearly demonstrates Tagliaferri's distain for authority and his unwillingness to conform his actions to societal norms. Tagliaferri has failed to establish that his sentence is inappropriate.

[7]     Tagliaferri also contends that the trial court erred by failing to identify as a mitigating factor that Tagliaferri himself was a victim of child molesting. "An allegation that the trial court failed to identify or find a mitigating factor requires the defendant to establish that the mitigating evidence is both significant and clearly supported by the record." *Carter v. State*, 711 N.E.2d 835, 838 (Ind. 1999). While there was evidence of Tagliaferri being molested in the presentence investigation and presented by his counsel at sentencing, the trial court was not required to find it to be a significant mitigating factor and did not.

This is evident by the fact that the trial court found multiple other mitigating factors during sentencing. Moreover, the trial court concluded that the aggravating factors overwhelmingly outweighed the mitigating factors. We conclude that Tagliaferri's own molestation was not a significant mitigating factor nor if identified as one would it have overcome the overwhelming aggravating factors.

[8] The judgement of the trial court is affirmed.

Robb, J., and Altice, J., concur.