## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 23 2020, 10:24 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Brian A. Karle
Ball Eggleston, P.C.
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Evan Matthew Comer
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Markeon L. Devine, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | June 23, 2020 <br><br> Court of Appeals Case No. 20A-CR-234 <br><br> Appeal from the Tippecanoe Superior Court <br><br> The Honorable Steven P. Meyer, Judge <br><br> Trial Court Cause No. 79D02-1906-F3-24 |

**Bradford, Chief Judge.**

# Case Summary

In January of 2020, Markeon Devine was sentenced to fourteen years of incarceration with five years suspended to probation after he pled guilty to Level 3 felony robbery, Level 6 felony resisting law enforcement, and Level 6 felony auto theft. Devine contends that his sentence is inappropriate. We affirm.

# Facts and Procedural History

In the early morning hours of March 5, 2019, after consuming two Xanax pills and smoking marijuana, Devine stole his friend's vehicle and drove to a West Lafayette Circle K gas station. Devine entered the Circle K, pointed a handgun at the cashier, and demanded money. After the cashier refused, Devine cocked the handgun and again demanded money. The cashier handed Devine $208.00, and Devine left the store.

Shortly thereafter, police officers arrived at the Circle K, and after talking to the cashier, the officers spotted Devine driving away from the area. The officers initiated a traffic stop, with which Devine initially complied. After Devine's vehicle came to a stop, the officers exited their vehicle and ordered Devine to exit his vehicle as well. Devine, however, began quickly driving towards the officers and then through a residential yard. As the officers pursued Devine, his vehicle struck a utility pole, causing severe damage to the vehicle. Following the collision, Devine continued driving down Lindberg Road until he stopped

the vehicle and fled on foot. Devine was eventually driven by his roommate to a family member's residence in Chicago.

[4] On June 21, 2019, the State charged Devine with Level 3 felony robbery, Level 6 felony resisting law enforcement, Level 6 felony auto theft, and Class A misdemeanor theft. On December 26, 2019, pursuant to a plea agreement, Devine agreed to plead guilty to Level 3 felony robbery, Level 6 felony resisting law enforcement, and Level 6 felony auto theft, and the State agreed to dismiss the remaining theft charge. Devine and the State also agreed to a sentencing range between five and nine years for the executed portion of his sentence. On January 17, 2020, the trial court sentenced Devine to fourteen years with five years suspended to probation.

# Discussion and Decision

[5] Devine contends that his fourteen-year sentence is inappropriate. We may revise a sentence if, "after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). "Sentencing is principally a discretionary function in which the trial court's judgment should receive considerable deference." *Cardwell v. State*, 895 N.E.2d 1219, 1222 (Ind. 2008) (internal citations omitted). "Such deference should prevail unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples

of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015). The defendant bears the burden of proving that his sentence is inappropriate in light of both the nature of his offense and his character. *Gil v. State*, 988 N.E.2d 1231, 1237 (Ind. Ct. App. 2013). A Level 3 felony conviction has a sentencing range between three and sixteen years, with the advisory sentence being nine years. Ind. Code § 35-50-2-5. A Level 6 felony conviction has a sentencing range between six months and two and one-half years, with the advisory sentence being one year. Ind. Code § 35-50-2-7. Where, as here, "the most serious crime for which the defendant is sentence is a Level 3 felony, the total of the consecutive terms of imprisonment may not exceed twenty (20) years." Ind. Code § 35-50-1-2(d)(4).

[6] The nature of Devine's offenses cannot be portrayed in a positive light warranting a reduction in his sentence. After using controlled substances, Devine stole a vehicle, drove to a gas station, and pointed a handgun at and demanded money from the cashier. Following the robbery, Devine's vehicle was stopped by police as he left the Circle K; however, a few moments after stopping, Devine fled the scene, initially driving his vehicle quickly towards the police officers. Devine eventually crashed the vehicle and fled to Illinois. Devine's behavior not only jeopardized his own life but also that of the cashier, the officers, and other persons traveling the same roads that morning.

[7] Devine's character also does not warrant a reduction in his sentence. In 2017, Devine was charged with Class B misdemeanor marijuana possession, a charge that was ultimately diverted. In September of 2018, Devine was charged with

Level 6 felony battery resulting in moderate bodily injury, Class A misdemeanor battery resulting in bodily injury, Class B misdemeanor battery by bodily waste, and Class C misdemeanor illegal consumption of an alcoholic beverage in Delaware County, which remained pending following the disposition of this matter. In December of 2018, Devine was charged with Level 6 felony residential entry in Tippecanoe County, ultimately pleading guilty to Class A misdemeanor residential entry. Moreover, Devine was out on bond when he committed the offenses in this matter. Not only do we find it troubling that the seriousness of Devine's offenses continues to escalate but also that all of his offenses involve harming or endangering other individuals. Devine appears unwilling to conform his behavior to societal norms.

[8] Devine specifically cites his acceptance of responsibility by pleading guilty, substance abuse issues, remorse, and young age as factors that warrant a reduction in his sentence. The trial court considered these factors and determined that they were outweighed by the aggravating factors, which was well within its discretion. *See Singer v. State*, 674 N.E.2d 11, 17–18 (Ind. Ct. App. 1996) ("It is well settled, however, that a sentencing court is not required to find the existence of mitigating circumstances nor to give mitigating circumstances the same weight as the defendant gives them."). Devine has failed to establish that his sentence is inappropriate.

[9] The judgment of the trial court is affirmed.

Baker, J., and Pyle, J., concur.