## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Sep 08 2020, 9:00 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Sean C. Mullins
Appellate Public Defender
Crown Point, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tiffany A. McCoy
Deputy Attorney General
Indianapolis, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

Lorenzo Johnson,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

September 8, 2020

Court of Appeals Case No.
20A-CR-898

Appeal from the Lake Superior Court

The Honorable Michael N. Pagano, Judge *Pro Tempore*

Trial Court Cause Nos.
45G02-1802-F5-17
45G02-1804-F5-32

**Bradford, Chief Judge.**

# Case Summary

[1] In March of 2020, Lorenzo Johnson was sentenced to two and one-half years of incarceration after he pled guilty to Level 6 felony theft and Class A misdemeanor theft. Johnson contends that his sentence is inappropriate. We affirm.

# Facts and Procedural History

[2] On March 9, 2017, Johnson entered Welch's Stop and Shop Meat Market in St. John, Indiana, through the backdoor and stole a bank bag containing $3317.00. On March 24, 2017, Johnson entered Skin Day Spa in Crown Point, Indiana, through the backdoor and stole a total of $250.00 from the employee breakroom. On February 27, 2018, the State charged Johnson with Level 5 felony burglary and Level 6 felony theft under cause number 45G02-1802-F5-17 ("Cause No. F5-17"). On April 23, 2018, the State charged Johnson with Level 5 felony burglary and two counts of Class A misdemeanor theft in cause number 45G02-1804-F5-32 ("Cause No. F5-32"). On February 13, 2020, pursuant to a plea agreement, Johnson agreed to plead guilty to Level 6 felony theft in Cause No. F5-17 and Class A misdemeanor theft in Cause No. F5-32, to be served concurrently, with other sentencing considerations to be left to the trial court, and the State agreed to dismiss the remaining charges.[1] On March

---

[1] The State's dismissal also included cause number 45G02-1802-F5-16, in which Johnson was charged with Level 5 felony attempted burglary and Class A misdemeanor attempted theft.

19, 2020, the trial court sentenced Johnson to two and one-half years of incarceration for the Level 6 felony theft conviction and one year of incarceration for the Class A misdemeanor theft conviction.

## Discussion and Decision

[3] Johnson contends that his aggregate two and one-half sentence is inappropriate. We may revise a sentence if, "after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). "Sentencing is principally a discretionary function in which the trial court's judgment should receive considerable deference." *Cardwell v. State*, 895 N.E.2d 1219, 1222 (Ind. 2008) (internal citations omitted). "Such deference should prevail unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015). The defendant bears the burden of proving that his sentence is inappropriate in light of both the nature of his offense and his character. *Gil v. State*, 988 N.E.2d 1231, 1237 (Ind. Ct. App. 2013). A Level 6 felony conviction has a sentencing range between six months and two and one-half years, with the advisory sentence being one year. Ind. Code § 35-50-2-7.

[4] While the offenses committed by Johnson are not especially egregious, they cannot be portrayed in a positive light warranting a reduction in his sentence

under the circumstances of this case. Johnson pled guilty to Level 6 felony and Class A misdemeanor theft after breaking into multiple businesses and stealing a total of $3567.00.

[5] It is Johnson's character, however, as revealed by his extensive criminal history, that fully justifies his maximum sentence. At fifty-seven years old, Johnson has prior convictions for nineteen felonies and one misdemeanor in Illinois dating back to 1980, including convictions for auto theft, theft, residential burglary, burglary, aggravated fleeing, and aggravated battery. Moreover, at the time of sentencing in this matter, Johnson had a pending charge in Illinois for solicitation of a sexual act. Despite his myriad contacts with the criminal justice system, Johnson has been unwilling to conform his behavior to societal norms. Johnson has failed to establish that his sentence is inappropriate.

[6] The judgment of the trial court is affirmed.

Najam, J., and Mathias, J., concur.